## UNITED STATES v. SHAILER.
### No. 184, Docket 22506.

United States Court of Appeals
Second Circuit.

Argued Feb. 4, 1953.

Decided Feb. 24, 1953.

Joseph A. McNamara, U. S. Atty., Burlington, Vt. (Bernard J. Leddy, Burlington, Vt., of counsel), for respondent.

George B. Gelman, New York City, for petitioner-appellant.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The appellant was indicted in the Eastern District of Kentucky under 18 U.S.C. § 2312, for transporting in interstate commerce from Texas to Kentucky a motor vehicle, knowing the same to have been stolen. He was arrested in Vermont and on January 2, 1952, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C., he requested that his case be transferred to the District of Vermont for disposition. This was done. On January 22, 1952, the defendant, represented by counsel, pleaded guilty and was sentenced to five years imprisonment.

On April 28, 1952, he filed in the District Court of Vermont a "Motion to Vacate Judgment and Sentence and Leave to Withdraw Plea of Guilty." Hearing on this motion was held on May 26, 1952, at which the appellant was present and represented by counsel. The motion was based on the following grounds: (1) That he was not guilty of the offense charged in the indictment. (2) That he was led to believe through his counsel and the United States Attorney that he would not receive the maximum sentence on the plea of guilty. (3) That he entered his plea of guilty because of duress through his counsel on advice of the United States Attorney that, unless the plea of guilty was entered, the appellant would have to answer charges in several other states.

The judge, after hearing testimony, denied the motion. He made findings of fact in which he stated in detail that grounds (2) and (3) were unsupported by the evidence. We accept these findings as entirely justified.

The judge spoke of the motion as made under 28 U.S.C. § 2255. It is urged that it should also have been treated as a motion under Criminal Rule 32(d) to withdraw the plea of guilty,[1] and that accord-

ingly prominence must be given to appellant's assertion of innocence. We agree. His argument as to innocence rests entirely on the contention that, as title to the automobile passed to him, he was not guilty of violating the federal statute, 18 U.S.C. § 2312, no matter what state crime he may have committed. We assume, arguendo, that this contention would be sound if, as a matter of fact, title passed. But, at the hearing on his motion, appellant's testimony showed that the facts were as follows: He had gone to a dealer in Texas to purchase an automobile. On the same day he had opened a bank account by depositing the sum of $1. He showed the dealer a deposit slip indicating a deposit of $9,000. The sum of $8,999 was the result of a fictitious check in this amount drawn the same day and deposited for collection in the bank where he opened the account. Upon making the purchase he gave the dealer $125 in cash and a check in excess of $3,000 drawn on the account where that day he was supposed to have deposited $9,000. Asked by his counsel, "Did they give you a bill of sale for the car?" he testified: "They give me a bill of sale and one of those insurance papers, one of those book things to fill in. He said, I will take the check and cash, but until I make sure of the check, you will sign this and it will protect me. I signed the insurance papers, he gives me the car and driver's—dealer's plates." Obviously, appellant—who had the burden, under Rule 32(d), of persuading the court of "manifest injustice" involved in the plea—did not discharge that burden. For, to say the least, his testimony did not clearly show the passing of title, and there was no other evidence on this subject.

The judge, having found that appellant's "claims in his petition are entirely without foundation," dismissed the motion. We think this was correct.

Affirmed.

1. Rule 32(d) provides that " * * * to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."