**UNITED STATES of America**
**v.**
**Erroll Johnson SHAILER.**

**Cr. No. 5853.**

United States District Court,
D. Vermont.

Sept. 24, 1954.

Louis G. Whitcomb, U. S. Atty., Springfield, Vt., for the government.

No appearance for defendant.

GIBSON, District Judge.

Erroll Johnson Shailer has filed with this Court a "Motion to Vacate Judgment" under the provisions of Section 2255, Title 28 U.S.C.A. This motion is accompanied by an affidavit to proceed in forma pauperis under Section 1915, Title 28 U.S.C.A. and also a request that this Judge disqualify himself from any adjudication or ruling upon petitioner's motion to vacate.

Before ruling on the above matters, I deem it important for the record to review certain facts and proceedings that have come to the attention of this Court relating to the petitioner.

The petitioner, on January 22, 1952, appeared before this Court, represented by Harold I. O'Brien, Esq., of Rutland, Vermont, one of the leading trial lawyers of this state, who had been selected by the petitioner, and entered a plea of guilty to the charge of transporting a stolen motor vehicle in interstate commerce, knowing it to have been stolen, in violation of Section 2312, Title 18 U.S.C.A. He had previously been indicted for this offense in the Eastern District of Kentucky on October 8, 1951 and on January 2, 1952 had requested a transfer of the prosecution against him under Rule 20, Fed.Rules Crim.Proc. 18 U.S.C.A.

After the entry of a plea of guilty, and hearing statements by the United States Attorney and by counsel for the defendant, and examining the pre-sentence report prepared by the Probation Officer, the defendant was sentenced to serve five years. In passing sentence the Court took into consideration the defendant's past record, covering a period of nearly thirty years, during which time defendant had served sentences for various crimes in Federal Penitentiaries at Leavenworth, Kansas and Atlanta, Georgia, and in state institutions in New York, Texas and Indiana.

After sentence the defendant was committed to the Federal Penitentiary at Atlanta, Georgia.

On April 28, 1952 petitioner filed a "Motion to Vacate Judgment and Sentence and Leave to Withdraw Plea of Guilty." Petitioner was brought to Brattleboro, Vermont from Atlanta, Georgia and hearing was held on May 26, 1952. Petitioner was assigned competent counsel and had the opportunity of a full hearing and as a result the motion was denied. D.C. Vt. U. S. A. v. Erroll Johnson Shailer, No. 5853, May 29, 1952.

The petitioner took an appeal from this decision to the United States Court of Appeals for the Second Circuit. The case was argued on February 4, 1953. The petitioner at that time was represented by able counsel from New York City, assigned by the Court. On February 24, 1953 the decision of the District Court was affirmed. U. S. v. Shailer, 202 F.2d 590. Shailer then petitioned for a writ of certiorari to the United States Supreme Court. His petition was denied. U. S. v. Shailer, certiorari denied, 347 U.S. 947, 74 S.Ct. 646.

The petitioner subsequently filed another petition to vacate judgment with the District Court, which was denied on September 29, 1953. The petitioner then filed a petition to proceed in forma pauperis, which was denied on October 20, 1953.

The petitioner then filed various motions in the United States Court of Appeals for the Second Circuit to proceed in forma pauperis and these motions were also denied. Second Circuit Court of Appeals, Per Curiam 2/11/54.

Petitioner apparently then attempted to attack the original indictment by filing a "Petition" in the United States District Court for the Eastern District of Kentucky. This petition was also denied. Memorandum Opinion, U.S.D.C. Eastern District of Kentucky, U. S. A. v. Erroll Johnson Shailer, No. 1380, dated June 9, 1954.

The petitioner then brought two separate Petitions for a Writ of Habeas Corpus in the United States District Court for the Northern District of Georgia. Each of these was denied.

In many of the above actions, particularly the petitions for appeal and to vacate judgments, the petitioner has acted as his own attorney and has filed long and voluminous statements of his position. The Court has examined very carefully the present petition, dated August 27, 1954, and upon consideration of all of the various requests and petitions

It Is Hereby Ordered, Adjudged and Decreed as follows:

1. That the request that the Judge be disqualified be and hereby is denied;

2. That in connection with petitioner's petition to proceed in forma pauperis, the Court finds and hereby certifies that the "Motion to Vacate Judgment" is without merit and that the petitioner may not proceed in forma pauperis;

3. That the "Motion to Vacate Judgment" is hereby denied.