**UNITED STATES of America**

v.

**Salvatore SHILLITANI, Petitioner.**

United States District Court,
S. D. New York.

Nov. 4, 1954.

J. Edward Lumbard, U. S. Atty.,
New York City, Robert P. Patterson, Jr.,
Asst. U. S. Atty., New York City, Clement J. Hallinan, Jr., Asst. U. S. Atty.,
New York City, of counsel, for the United States.

Salvatore Shillitani, petitioner pro se.

WEINFELD, District Judge.

Petitioner, now completing the third year of a fifteen year cumulative sentence, moves under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C. for an order to set aside his judgment of conviction and to permit the withdrawal of his plea of guilty on the ground of manifest injustice.

Following receipt of petitioner's motion, the Court, sua sponte, appointed an attorney to represent him, but he declined to avail himself of the attorney's services.

The petitioner was named in two separate indictments: one charged the sale of narcotics and also contained a conspiracy count; the other charged the sale and possession of counterfeit notes in three substantive counts, and a fourth count, conspiracy to commit the counterfeiting offense. His wife and eleven others were also named in the former indictment.

The petitioner when first arraigned on August 20, 1951, entered a plea of not guilty. The case was called for trial on November 20, 1951, and when the prosecution announced it was ready to proceed, the defendant, together with several co-defendants (other than his wife) sought to withdraw their previous pleas and to plead guilty. Petitioner was then represented, as he had been at all stages of the proceedings, by counsel of his own choosing. The plea was accepted only after he had been carefully questioned by the Court to make certain that it was voluntary and made with full understanding of the charge. The nature of the Court's inquiry is perhaps best demonstrated by the record:

"Mr. Altman [Petitioner's attorney]: If your Honor pleases, the defendant Salvatore Shillitani asks leave to withdraw his plea of not guilty and to plead guilty to the charges in indictments 136–148 and 136–150. He wishes to enter a plea of guilty at this time.

\*      \*      \*      \*      \*      \*

"(Defendant Salvatore Shillitani made the following answers to the following questions:)

"By The Court:

"Q.   Did you hear the statement made by your attorney? A. I beg your pardon, sir?

"Q.   Did you hear the statement made by your attorney? A. Yes, sir.

"Q.   Mr. Altman is your attorney, is he not? A. Yes, sir.

"Q.   Do you understand the statement he made that you desired to withdraw your prior plea of not guilty and that you now wish to enter a plea of guilty to certain counts in the indictment? A. I did.

"Q.   Is that statement made with your consent? A. Yes, sir.

"Q.   Did you authorize him to make that statement? A. Yes, sir.

"Q.   You now make the statement yourself that you desire to withdraw the plea of not guilty and to enter a plea of guilty? A. I do.

"Q.   Are you guilty of the things that are charged in indictment No. 136–148, that is the charge of conspiring with the other defendants therein? A. Yes, sir.

"Q.   Do you freely and voluntarily offer to plead guilty? A. Yes, your Honor.

"Q.   No promise of any kind has been made to you with respect to any possible sentence that may be imposed by the Court? A. That's right.

"Q.   Has any inducement of any kind been held out to you in order to get you to change your plea from not guilty to guilty? A. No, sir.

"Q.   And your statement now is that you desire to plead guilty and you make that statement freely and voluntarily? A. That is correct, sir.

"Q. And that is true with respect to indictment No. 136–150 as well? A. ˏYes, your Honor.

\* \* \* ˏ \* \* \*

"Q. You are pleading in the 136–148 indictment—

"Mr. Altman: Two counts; that is correct.

"Q. (Continuing)—two counts in the indictment, and the first count charges you with receiving, concealing, selling and facilitating the transportation of a narcotic drug knowing that it was imported in the United States contrary to law? A. Yes, your Honor.

"Q. And do you know what the penalty is under that which the Court may impose? A. I do not, sir.

"Mr. Kaplan [Assistant United States Attorney]: It is ten years on the narcotic indictment, sir.

"Q. That would be ten years on the first count. That is a possible sentence. And on the conspiracy count in that indictment the possible sentence is five years. That makes a total of fifteen years; do you understand that? A. I do, sir.

"Q. And you say no promise of any kind has been made to you in any respect whatsoever? A. No, sir.

"Q. Now, with respect to indictment No. 136–150 wherein you are named with Anthony Martello, Marcelle Ansellem and Joseph Orsini, you also desire to plead guilty to all counts in that indictment, too? A. Yes, sir.

"Q. And in addition to [the] conspiracy count there are three substantive counts charging that on July 27, 1951, you and the other defendants passed certain counterfeit moneys, in count 2, that you had in your possession certain counterfeit money, and the third count, that you attempted to sell counterfeit money. Do you understand that with respect to each one of those substantive counts the offense is punishable up to fifteen years? A. I do, your Honor.

"Q. And in addition to that there is a five-year penalty on the conspiracy count? A. Yes.

"Q. Do you understand that the Court in its discretion could accumulate all the sentences imposed upon you and no statements have been made to you of any kind that the sentences to be imposed will run concurrently; do you understand that? A. Yes, sir.

"Q. And you are prepared to take the plea of guilty? A. Yes, sir.

"Q. And you offer to plead guilty? A. Yes, sir.

"Q. And you are guilty? A. Yes, your Honor.

"The Court: Take the plea.

"The Clerk: Salvatore Shillitani, you wish to withdraw your plea of not guilty to the charges in indictments 136–150 and 136–148 to the possession of false forged and counterfeited obligations of the United States and a conspiracy against the United States of America, and to plead guilty?

"Defendant Shillitani: I do."

Notwithstanding the clear and unequivocal representations by the defendant to the Court,[1] he now contends that he had been induced to change his plea to guilty because the United States Attorney then in charge of his case had promised that the charges against petitioner's wife would be dismissed and,

---

1. The record discloses that at the very time petitioner sought to withdraw his plea of not guilty and to plead guilty, a similar application by a co-defendant was rejected by the Court in petitioner's presence when it appeared that the proposed plea by the co-defendant was not understandingly offered.

further, that he would not receive a sentence in excess of five years. He also alleges that when he complained immediately following the sentence, the United States Attorney stated that he would "get consideration later"; that he was afraid to complain further because the charges against his wife were still pending and he interpreted the prosecutor's remarks to mean that the charges against his wife would be dropped in accordance with the alleged promise. The charges against his wife were not dismissed. She was brought to trial in February 1952 and acquitted on March 26th, 1952. He now asserts that he, too, is innocent.

The granting of a motion under Rule 32(d) of the Federal Rules of Criminal Procedure for leave to withdraw a plea of guilty rests in the sound discretion of the District Judge and is not a matter of right. The accused is entitled to withdraw his plea of guilty only when it fairly appears that it was entered as a result of ignorance, fear, force, mistake, misapprehension or fraud.[2] Disappointed expectations as to either the severity, or the imposition, of a sentence, standing alone, furnish no basis for permission to withdraw a plea.[3] The burden of persuasion on the issue of manifest injustice rests upon the defendant.

The petitioner has studiously avoided submitting evidential facts to substantiate his charges. Other than his own uncorroborated statement, no proof has been submitted.[4] In his petition he states that at a hearing he will produce irrefutable proof in support of his charges, including witnesses in whose presence the alleged promises were made by the prosecutor. Again, when he declined the Court's offer of counsel to aid him on the present motion he wrote: "I have solid proof in support of my allegation and all I ask is the opportunity to present it." However, up to the present, he has failed to disclose the nature of the alleged proof, who the witnesses are, the substance of their purported testimony, or why their affidavits are not procurable, if such is the fact.[5] No affidavit has been submitted by the attorney who represented him and no explanation is offered for its absence.

Motions under Rule 32(d) are not to be granted upon the mere asking. And certainly the Court's discretion is not to be exercised favorably where the petitioner, upon whom the burden of proof rests, admittedly withholds his alleged proof. Where, as here, the application is made in the face of positive and unequivocal statements by a petitioner showing his full understanding of the crime charged, the effect of his admission of guilt, the gravity of the offense, the possibility of a substantial sentence in view of his extensive prior criminal record, the petitioner must by facts meet his burden of persuading the Court that he should be relieved of his plea—particularly so where the lapse of time may prejudice the prosecution.[6]

The filing of this motion, almost three years after the entry of the plea, suggests it was an afterthought.[7] While petitioner attempts to explain his failure

2. United States v. Shailer, 2 Cir., 202 F. 2d 590; United States v. Shneer, 3 Cir., 194 F.2d 598; Bergen v. United States, 8 Cir., 145 F.2d 181.

3. United States v. Parrino, 2 Cir., 212 F. 2d 919; United States v. Norstrand Corp., 2 Cir., 168 F.2d 481.

4. United States v. Sturm, 7 Cir., 180 F.2d 413, 414; Stidham v. United States, 8 Cir., 170 F.2d 294.

5. Cf. United States v. Parrino, 2 Cir., 212

F.2d 919 and United States v. Shneer, 3 Cir., 194 F.2d 598, where the applications were made upon affidavits of petitioner and other persons who allegedly had knowledge of the claimed representations.

6. Keto v. United States, 8 Cir., 189 F.2d 247, 251; Bergen v. United States, 8 Cir., 145 F.2d 181, 186.

7. United States v. Lowe, 2 Cir., 173 F.2d 346, 347.

to protest at the time of, or immediately following, the imposition of sentence on the ground that his wife was still under indictment, the fact is that she was brought to trial, and acquitted in March, 1952. Thus, from that time on all motive for him to remain silent, if, in fact, he had been overreached, ended. Notwithstanding, during the succeeding two and a half years no claim such as is now advanced was ever made.[8]

■ It is all too clear that the proof, if any, to support the petitioner's charges has been withheld in a calculated attempt to compel his appearance at a hearing. His insistence that only he can supply the evidence is born of the mistaken notion that he will thereby obtain a trip from Leavenworth to the Court House— understandable enough but not sufficient to compel his appearance. His presence is not to be ordered merely because he demands it, but only when it appears that it will aid the Court in arriving at the truth of a real issue of fact.[9]

■ The unsupported assertions by petitioner, negatived not only by the denial of his charges by the Assistant United States Attorney, but also by his own prior declarations in a solemn proceeding, do not, absent other proof, especially where he contends it is available, create a genuine issue of fact requiring his presence at a hearing. It is not to be overlooked that the Court had an opportunity to observe the defendant when it decided his plea was made "voluntarily [and] with understanding of the nature of the charge."[10]

Upon the papers presented, there is no reason to hold a hearing at this time. Whether or not a writ of habeas corpus ad testificandum should issue will be decided if and when evidence is presented showing the necessity for petitioner's presence at a hearing.

The Court is not unmindful of United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, which, incidentally, involved a proceeding under Section 2255 of Title 28 U.S.C. But the holding of that authority does not compel the transportation of a prisoner for a hearing whenever he is prepared to create a formal issue by repudiating his prior statements. A hearing is commanded only when the petitioner raises substantial, and not feigned, issues of fact. Our own Court of Appeals noted that mere formal issues will not suffice to compel a hearing when it stated in United States v. Pisciotta, 2 Cir., 199 F.2d 603, 606:

"In United States v. Hayman, 342 U.S. 205, at page 223, 72 S.Ct. 263, at page 274, the court said: 'Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing.' But in applying this sound precept the question arises how fully must the convict allege the facts upon which he relies in order to establish that the motion raises 'substantial issues of fact.' If it were sufficient to allege merely conclusionary statements, such as, 'I am innocent but was induced to plead guilty against my wishes,' one can readily imagine how many convicts without valid complaint against their sentences would obtain an excursion from a distant penitentiary at government expense. We think that the motion papers must contain more than merely conclusionary allegations of innocence and of a miscarriage of justice."

If this Court is required to grant a hearing upon petitioner's present unsupported charges, contradicted by his prior representations to the Court, upon which his plea of guilty, made when represented

---

8. Cf. United States v. Mignogna, 2 Cir., 157 F.2d 839, 840; United States v. Harris, 2 Cir., 160 F.2d 507, 510.

9. Crowe v. United States, 4 Cir., 175 F.2d 799, 801.

10. Rule 11, Federal Rules of Criminal Procedure.

by competent counsel, was accepted, then it may as well be recognized that the doors of the prison may be opened at the will of a prisoner for an excursion to the court room at government expense.[11]

The motion is denied.

Settle order on notice.

11. Cf. United States v. Pisciotta, 2 Cir., 199 F.2d 603, 606; Carvell v. United States, 4 Cir., 173 F.2d 348.