**UNITED STATES of America**

v.

**Israel ESPINOSA, Defendant.**

United States District Court,
S. D. New York.

Jan. 4, 1955.

J. Edward Lumbard, U. S. Atty., New York City, Robert M. Pennoyer, Asst. U. S. Atty., of counsel, for the United States.

Israel Espinosa, pro se.

WEINFELD, District Judge.

Petitioner moves, pursuant to Rule 32 (d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to withdraw his plea of guilty to an indictment which charged the sale of narcotics. Upon his arraignment on March 16, 1953 the defendant pleaded not guilty, but on February 25, 1954 he changed his plea to guilty. On April 7, 1954 he was sentenced to a term of three years, which he is now serving at the Milan, Michigan correctional institution. On the day petitioner entered his plea of guilty to the foregoing indictment he also withdrew a previously entered plea of not guilty to another indictment and pleaded guilty to two counts of the second indictment. These also charged the sale of narcotics. Three-year sentences were imposed on each count to run concurrently, and to run consecutively to the sentence imposed upon the first indictment. Execution of the sentence was suspended and the defendant was placed on probation for a period of five years to commence upon the expiration of the sentence under the first judgment of conviction.

The first indictment charged the sale of heroin on January 22, 1953. The basis of the petitioner's motion is that when he reached Milan in May, 1954 his brother, who was an inmate there, upon learning the date of the illicit transaction as set forth in the indictment, reminded him that this was the day their deceased mother was lying in state in a funeral parlor. His memory thus refreshed by his brother, the petitioner now recalls and avers that he was at the funeral parlor from 4:00 p. m. to midnight of January 22, 1953. The mother died on January 21. He contends that following her death, as a devoted and dutiful son, he was busy making the necessary funeral arrangements and consoling other bereaved relatives and members of the family until 3:00 a. m. of the morning of January 22, when in the company of his wife he returned to his apartment; that he slept until 3:00 p. m. on January 22 and then proceeded to the funeral parlor where, as already noted, he claims he remained from 4:00 p. m. to midnight, thus presenting an alibi from January 21 through to midnight of January 22–23, 1953. Despite the plea of

guilty he now contends that in fact he did not sell narcotics "at any time during the day or night of January 22, 1953."

It strains credulity to the breaking point to believe that petitioner failed at once to recognize that the date of the sale as charged in the indictment coincided with a date of sacred memory in his life—the day his mother's mortal remains were lying in state in a funeral parlor; especially since petitioner was arraigned less than two months after the date of her death. The Clerk of the Court, upon calling on the defendant to plead, specifically mentioned the date of the illicit sale as stated in the indictment, a copy of which was then and there given to the defendant. At all times he was represented by competent and experienced counsel and it must be assumed that the date of the offense had been the subject of discussion between them. It is not without significance that about a year later, in February, 1954 when petitioner sought to withdraw his plea of not guilty, the Clerk of the Court, as required, again specifically mentioned the date of the offense charged in the indictment. The guilty plea was not accepted by the Court until petitioner had been interrogated to make certain it was made voluntarily and with understanding of the charge, as required by Rule 11.

Petitioner's suggestion that the coincidence of dates was lost upon him until he was reminded thereof by his brother imputes a blind and almost naive acceptance by the Court of any story one is prepared to concoct.

But apart from the foregoing, the affidavits of the Narcotics Agents who participated in the investigation which lead to the indictment establish that petitioner's present claim is a shabby performance made of whole cloth. The Agents concede that the defendant was in the funeral parlor on January 22, 1954 but left at about 6:30 p. m. and shortly thereafter made the sale and delivery of nar-

cotics to a Special Agent of the Bureau, for which he received $130. His movements were observed by other Agents until 7:30 p. m. when he returned to the funeral parlor.

It should also be observed that (1) the indictment charges the offenses were committed on *or* about January 22, 1953 and the petitioner has guardedly confined his denial of a sale to that date; and (2) no affidavit of corroboration has been submitted by the petitioner's brother, his wife, or any other person. If there were substance to his claim these should have been offered together with his petition, or an explanation offered for their absence.[1]

I am fully satisfied that petitioner's claim is sheer fabrication.

Finally, the heroin which was the subject of the indictment has been destroyed and is no longer available for evidence. Thus the government would be prejudiced in the event the motion were granted.

Upon all the facts, and in the exercise of discretion, the motion is denied.

1. Cf. United States v. Shillitani, D.C.S.D.N.Y., 16 F.R.D. 336.