The **UNITED STATES** of America,
Plaintiff-Appellee,

v.

**William LESSARIS et al., Defendants-Appellants.**

**No. 11193.**

United States Court of Appeals,
Seventh Circuit.

March 21, 1955.

Alvin A. Turner, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Edward J. Calihan, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, *Circuit Judge*.

Tenuous arguments and unsubstantial points raised by these defendants, coupled with a record free from reversible errors eliminate any need beyond sketching the following facts.

Armed with a search warrant two City of Chicago police officers searched an apartment at 4236 South Wabash Avenue, Chicago, Illinois, and found narcotics and two fully loaded firearms. At this site four people were arrested including a female, whose subsequent absence at this trial is urged as error by defendants. These officers listened to a telephone conversation she had during their searching and interrogation at this apartment. As a result, three more police officers and a police-woman were dispatched to the area where they watched this female emerge from the building holding two paper bags containing currency, prepared by the searching officers. She spoke to, and waited with, the reinforcing police personnel until defendants drove up in an automobile. Thereupon she handed the packages to one defendant and received $814\frac{1}{2}$ grains of heroin in return. This latter package bore no federal tax stamps, nor were order forms required pursuant to law, for sales of narcotics filled out by any of these parties. There is some conflicting evidence between testimony of the police officers and that given by both defendants.

█ Examined in its factual setting, here, we hold the government's case was unimpaired, measured by the standard of substantial evidence, despite absence of a female government witness involved in the episode underlying this prosecution. Wesson v. United States, 8 Cir., 1949, 172 F.2d 931, is inapposite and distinguishable on facts, since the absent witness in Wesson was a patient for whom the defendant physician had prescribed narcotics. Wesson's prescriptions were altered; his testimony "with

reference to the manner in which the prescriptions were changed stood without dispute", Id., 172 F.2d 936, thereby manifesting a robust inference that the missing witness' testimony would have been against the government. Nor do we think references by other government witnesses, to telephone conversations, without relating contents thereof, infected these proceedings presided over by a judge sitting without a jury.

Accordingly we affirm the judgment entered below convicting defendants of violating 26 U.S.C. §§ 2553(a), 2554(a) and 21 U.S.C.A. § 174.

Affirmed.