**UNITED STATES of America**
**v.**
**Gregory COMULADA, Defendant.**

United States District Court
S. D. New York.
Oct. 3, 1957.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, Alan W. Richenaker, New York City, of counsel, for the United States.

Gregory Comulada, pro se.

WEINFELD, District Judge.

This is a petition under 28 U.S.C. § 2255 to vacate "sentence with prejudice to Government", the petitioner appearing pro se.

He was convicted by a jury on each of three substantive counts charging him with sales of narcotics on three separate days. He was sentenced as a second offender to a term of seven years on each count to run concurrently.

An appeal from the judgment of conviction was dismissed by the Court of Appeals on June 3, 1957 for lack of prosecution. Then followed the present proceeding.

The basis of the present motion appears to be the failure of the Government to produce a special employee, an informer, who was a witness only with respect to the first count. Government agents testified his whereabouts was unknown at the time of trial. No evidence was offered that he was under the control of the Government.

It is all too clear that the present petition has been presented in lieu of the appeal which was dismissed.

A proceeding under 28 U.S.C. § 2255 is analogous to that afforded by a writ of habeas corpus and like that writ "cannot ordinarily be used in lieu of an appeal to correct errors committed in the course of trial, even though such errors relate to constitutional rights".[1] The failure of the Government to call the informer as a witness was the subject of a specific instruction to the jury and any alleged error with respect thereto was reviewable on appeal.[2]

 Apart from the foregoing it is of significance that the special employee was not present at the second and third sales which formed the basis of the second and third counts of the indictment. In these instances, the purchaser, who was an agent of the Narcotic Bureau, appeared and testified. Since the sentences upon all counts were cumulative and did not exceed that which might have been imposed on any single count, then even assuming arguendo that it was error not to call the special employee as a witness, such error was harmless.[3]

The petitioner also makes general allegations of perjury upon the trial by the Government's witnesses which he states he is "prepared to prove upon a hearing on this motion * * * by the testimony of witnesses he will produce, and by documented evidence in possession of the Government in its files of the case enumerated as Criminal 150–263, and its corresponding numbered files of the United States Bureau of Narcotics." This, of course, relates to all counts of the indictment and would taint judgment of conviction if there was substance to the contention.

The nature of the alleged perjury is not stated, who the witnesses are is not set forth, what they allegedly will testify to is omitted, what in the Government's file will support the charge is not specified. The vague charge of perjury does not require the granting of a hearing or the presence of the petitioner.[4]

The motion is denied in all respects.

---

1. United States v. Walker, 2 Cir., 197 F. 2d 287, 288; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Adams v. United States, ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 83 L. Ed. 268; United States v. Rosenberg, 2 Cir., 200 F.2d 666, certiorari denied 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384.

2. As to the correctness of the charge see United States v. Lessaris, 7 Cir., 221 F. 2d 211; Fielding v. United States, 6 Cir., 164 F.2d 1022.

3. Abrams v. United States, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173; United States v. Cordo, 2 Cir., 186 F.2d 144, certiorari denied Minkoff v. U. S., 340 U. S. 952, 71 S.Ct. 572, 95 L.Ed. 686.

4. Cf. United States v. Shillitani, D.C., S.D. N.Y., 16 F.R.D. 336.