**UNITED STATES of America ex rel. Henry A. BEST, Relator,**

v.

**Hon. Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
March 31, 1965.

Henry A. Best, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Joel Lewittes, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, indicted for murder in the first degree, was permitted to plead guilty to murder in the second degree. He was sentenced to and is serving a term of from twenty years to life imprisonment. Having exhausted all available state remedies, he now seeks his release by way of Federal habeas corpus. His attack upon the judgment of conviction rests upon three separate grounds, none of which warrants Federal intervention.

First, he alleges that his right to due process under the Fourteenth Amendment was violated when the state court accepted his oral plea of guilty,[1] whereby, in effect, he surrendered his right to trial by jury although he had not executed the written waiver of jury trial required by the New York State Constitution.[2] The provision clearly refers to a trial; it does not apply where, as here, an accused, by a pretrial plea of guilty, dispenses with the necessity for a trial.[3] And even if a state constitutional provision requiring a written waiver of jury trial gives rise to a federally protected constitutional right, the entry of a guilty plea would moot the issue. "The jury's role is that of a trier of guilt, and where the accused admits his guilt, there is no function for the jury to perform." [4]

---

1. N.Y.Code Crim.P. § 333 provides: "Every plea must be oral, and must be entered upon the minutes of the court."

2. N.Y.Const. art. 1, § 2 provides in part: "A jury trial may be waived by the defendant * * * by a written instrument signed by the defendant in person in open court * * *." Compare Fed. R.Crim.P. 23(a). N.Y.Code Crim.P. §§ 198–200, which petitioner claims were also violated by acceptance of his oral plea, clearly pertain only to statements made by an accused to an examining magistate.

3. People ex rel. Wannamaker v. Wallack, 17 A.D.2d 872, 233 N.Y.S.2d 247 (3d Dep't 1962).

4. United States v. Bialkin, 331 F.2d 956, 959 (2d Cir. 1964). Cf. Kercheval v. United States, 274 U.S. 220, 223, 47 S. Ct. 582, 71 L.Ed. 1009 (1927).

Secondly, petitioner challenges the judgment of conviction on the ground that he was denied due process when his request for withdrawal of a guilty plea was refused at the time of sentencing four weeks after the plea had been entered. The petitioner, upon being afforded the right of allocution, simply stated he desired to withdraw his plea "and stand trial for the purpose of standing trial." The prosecution at once challenged the application, charging that petitioner was "playing fast and loose with the court" after he had been permitted to plead to the lesser charge. The prosecution emphasized that the plea had been accepted only after petitioner had had many conferences with his three court-appointed counsel, after the prosecutor had recited the details of the methodical manner in which petitioner allegedly strangled his wife, and upon his specific admission to the court that the details of the murder had been accurately stated, and his acknowledgment that the plea was voluntarily and freely made. Finally, the prosecution represented that if withdrawal of the plea were permitted, its case upon a trial would be seriously prejudiced.[5]

In response, petitioner then stated, "at the time that I pleaded guilty I was counselled by my lawyer * * *. A few points that were made to me weren't quite clear. I was nervous and upset at the time, still nervous and upset. I felt that a trial would decide my fate." The court allowed the plea to stand, and when granted a further opportunity to speak, petitioner said nothing. His counsel urged leniency, stressing mitigating circumstances. He referred to numerous conferences with the defendant, the prosecution and the court in the efforts to obtain consent to the lesser degree, and concluded that petitioner "was extremely lucky that he was able to get the plea offered."

■■■ The motion for withdrawal of the plea rested in the court's discretion,[6] just as it does in the Federal courts.[7] Apart from the fact that the discretionary determination is not subject to Federal habeas corpus review, the minutes of the entry of the guilty plea and the sentencing abundantly establish the complete justification for the denial of his application. However, in this proceeding, again asserting he was "nervous and upset" at the time of his plea, petitioner enlarges his claim, charging it was the product of "Fraud, Trickery, Inadequate-representation, Collusion, Coercion * * and Negligent Suppression." But the petition is barren of any evidential matter to support the conclusory charges. Merely culling language from Federal and state authorities, as petitioner has done, will not satisfy the requirement that serious charges have some basis in fact. Petitioner is not entitled to a hearing on his belated accusations, unsupported by factual detail that he was "forced" to plead guilty and that his lawyers "practiced 'fraud' upon the court."[8] And so, too, the renewed claim that he was "nervous and upset," without more, does not entitle him to a hearing. Such a reaction

---

5. The assistant district attorney informed the court that, upon entry of the plea, it had advised the Department of the Army, which had made available certain military personnel to whom petitioner allegedly made admissions, that they would no longer be needed as witnesses. As a result, they were no longer available to testify.

6. N.Y.Code Crim.P. § 337.

7. United States v. Hughes, 325 F.2d 789 (2d Cir.), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964);

United States v. Smiley, 322 F.2d 248 (2d Cir. 1963) ; United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957). Cf. United States v. Shillitani, 16 F.R.D. 336, 339 (S.D.N.Y.1954) (post-sentence).

8. See United States ex rel. Marinaccio v. Fay, 336 F.2d 272, 274 (2d Cir. 1964); United States ex rel. Homchak v. People, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States v. Shillitani, 16 F.R.D. 336, 340–41 (S.D. N.Y.1954).

is characteristic of most persons facing criminal prosecution.[9]

There remains petitioner's claim that the seventeen-month delay between arraignment and ultimate pleading, during which two mental examinations were conducted, deprived him of his right under the due process clause to a speedy trial. However, in light of his apparent acquiescence in the delay and of his plea of guilty, any claim he might have had— and no showing of prejudice appears in his papers—is waived.[10]

Petitioner's application for a writ of habeas corpus is denied.

---

9. Cf. United States v. Kahaner, 203 F. Supp. 78, 87 (S.D.N.Y.1962).

10. See United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963); United States v. Lustman, 258 F.2d 475, 478

(2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958).