Chief Judge Fuld.
The relator, Andrew Zakrzewski, was convicted in 1955 of the crime of burglary in the third degree and is presently serving a sentence of from 5 to 20 years in prison based upon his status as a multiple felony offender. He now challenges the use of his only previous felony conviction, rendered more than 40 years ago, on the ground that he had previously been tried for the same offense and that his conviction was thus obtained in violation of his constitutional right against double jeopardy.
In November of 1924, the relator was placed on trial for first degree burglary upon an indictment alleging that he and one Frank Jaruszewski, “ and each of them,” had broken into an occupied dwelling house at night with the intent to steal. After the jury brought in a verdict of guilty as charged, but before the imposition of sentence, the district attorney moved to dismiss the indictment on the ground, apparently, that it failed to allege an essential element of first degree burglary— that the relator was “ assisted by a confederate actually present ” (Penal Law of 1909, § 402).[1] The court ordered that the *403 indictment, “ purporting to charge ” the relator with burglary in the first degree, be dismissed and that the case be resubmitted to the grand jury.
That body returned a new indictment against the relator, again charging him with burglary in the first degree. The only change was the insertion of an additional clause stating that each of the two defendants had been “ aided by the other actually present ’ ’. Arraigned upon this second indictment, the relator entered a plea to second degree burglary and it was this conviction which forms the basis for his later treatment as a second felony offender. In the present habeas corpus proceeding, the relator maintains that the second indictment, as well as the conviction under it, was void on its face since he had already been tried for the same offense.[2]
Our State Constitution provides that “ [n]o person shall be subject to be twice put in jeopardy for the same offense ” (N. Y. Const., art. I, § 6) and, as this court recently observed, a person is placed in such jeopardy when he is “put upon trial before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction ’ (People v. Jackson, 20 N Y 2d 440, 446; see, also, People ex rel. Meyer v. Warden, 269 N. Y. 426, 428.) On the other hand, when an indictment is insufficient in form and substance, when it is “ so radically defective that it would not support a judgment of conviction ” (Shoener v. Pennsylvania, 207 U. S. 188,195), then, a defendant who is tried upon such an indictment is not actually placed in jeopardy and there is no constitutional bar to a new indictment and trial. (See Code Crim. Pro., § 340.) In the case before us, the Attorney-General, relying upon that rule, contends — and the courts below agreed—that the original indictment against this relator failed to allege an essential element of first degree burglary and, accordingly, that the trial on that indictment did not place him in jeopardy or prevent a valid conviction for the same act on the second indictment.
*404 As we have noted, the only apparent defect in the original indictment was its failure to allege that the two named defendants, although present in the same building at the same time and for the same purpose, had actually “ assisted ” one another in the commission of the crime. At most, and it is by no means certain, the indictment may have omitted one of the elements of first degree burglary. It is clear, however, that, if the facts alleged constituted a lower degree of the crime, the indictment was valid, regardless of whether or not those facts were sufficient to make out the higher offense charged therein. (See People v. Oliver, 3 N Y 2d 684.) In Oliver, the indictment also accused the defendant of the crime of first degree burglary. There was, though, no specific allegation that the act had been committed at night, a necessary element of that offense. Nevertheless, this court held that the indictment was sufficient to charge the defendant with burglary in the second degree and refused to dismiss it. “ The misnomer in describing the offense as in the first instead of the second -degree ”, we wrote, “ is of no moment ” (3 N Y 2d, at p. 686).
There is no question that in the present case all of the essential elements of the crime of second degree burglary, the crime of which the relator was convicted, were alleged in the original indictment and that he was, therefore, ‘ ‘ in danger of having a valid judgment pronounced as the result of the trial.” (People ex rel. Meyer v. Warden, 246 N. Y. 426, 429, supra.) Nor is there any doubt that the trial had progressed well beyond the point at which, under our law, jeopardy attaches. (See Matter of Bland v. Supreme Ct., 20 N Y 2d 552; People ex rel. Stabile v. Warden, 202 N. Y. 138, 150.) Despite this, the district attorney was permitted to terminate the proceedings not only after all the evidence had been heard but after a verdict had been returned and to procure a new indictment alleging an additional fact. Such a procedure violates both the letter and the spirit of the constitutional protection against double jeopardy.
Since, as we have indicated, the second indictment which was returned against the relator was obtained in violation of his constitutional right, the conviction based upon it must be treated as a nullity and, accordingly, should not have been used as a *405 predicate for multiple felony offender treatment. In the absence of another felony conviction, it is apparent that the relator’s present imprisonment — in excess of 12 years—has already exceeded the maximum statutory limit for the crime of which he presently stands convicted. It follows, therefore, that he is entitled to immediate release.
The order appealed from should be reversed and the writ of habeas corpus sustained.
Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed and matter remitted to the County Court, Wyoming County, with directions to sustain the writ of habeas corpus.

. Section 402 of the former Penal Law provided, in relevant part: “A person, who, with intent to commit some crime therein, breaks and enters, in the night time, the dwelling-house of another, in which there is at the time another human being:
* * *
3. Being assisted by a confederate actually present;
* * *
Is guilty of burglary in the first degree.”
This section (402) has been modified and incorporated into the new Penal Law as section 140.30.

. We note that habeas corpus is a proper remedy here since the relator is alleging that his present sentence exceeds the 10-year statutory maximum for the crime of third degree burglary and the question is one which may be determined on the face of the record. (See People ex rel. Carollo v. Brophy, 294 N. Y. 540, 542; cf. People ex rel. Keitt v. McMann, 18 N Y 2d 257, 263; People ex rel. Harrison v. Jackson, 298 N. Y. 219, 226 [concurring opn.].)