Memorandum. The order appealed from should be reversed and the case .remitted to the County Court, Cortland County, for further proceedings in accordance with this memorandum.
In 1961 .the assigned trial lawyer informed defendant that he declined to file a notice of appeal, but advised defendant of the 30-day time limit within which a notice of appeal must be filed. After .sentencing, the assigned lawyer terminated his representation. No timely notice of appeal was filed. There is no violation of the rule set forth in People v. Montgomery (24 N Y 2d 130) that assigned counsel must advise defendant of his right to appeal, nor is there a violation of the rule of People v. Callaway (24 N Y 2d 127) that a defendant may rely on assigned trial counsel’s promise to file a notice of appeal. But defendant is entitled to the assistance of appellate counsel in perfecting an appeal (Swenson v. Bosler, 386 U. S. 258). This right extends to assistance in serving and filing a notice of appeal. 'Since the failure to have such assistance was prejudicial, the judgment of conviction should be vacated, and defendant remanded to the County Court, Cortland County, for resentence nunc pro turne upon the previous finding of guilt so as to afford defendant “‘an opportunity of prosecuting and perfecting an appeal, since the time for taking such an appeal would date from the rendition of the new judgment ’ ” (People v. Callaway, 24 N Y 2d 127,129, supra; People v. Hairston, 10 N Y 2d 92, 94).