### (July 13, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD ARTHUR HARLEY, Appellant.— Appeal from a judgment of the County Court of Hamilton County resentencing appellant pursuant to *People* v. *Montgomery* (24 N Y 2d 130) upon a March 5, 1965 conviction for burglary in the third degree. The County Court correctly held that the issue of appellant's attempt to withdraw his plea of guilty was a matter to be decided upon appeal and could not be raised at the *Montgomery* hearing (*People* v. *Bennett*, 35 A D 2d 1000). We, however, find no merit in appellant's contention as to this issue. In addition, the court correctly ruled here that appellant should not be permitted to challenge at the *Montgomery* resentencing the constitutionality of a prior felony conviction of grand larceny in the second degree (compare *People* v. *Wilkins*, 28 N Y 2d 213). Unlike in the *Wilkins* case, appellant was required at the time of his original sentencing in 1965 to be given a warning of his right to attack the constitutionality of the predicate felony (compare Penal Law, § 1943 prior to April 10, 1964 and as amd. by L. 1964, ch. 446; see, also, present Code Crim. Pro., § 470-a and new Criminal Procedure Law, § 400.20), was in

fact given such warning and waived any right to raise any constitutional issue. Accordingly, he is precluded from doing so here (*People* v. *Bennett, supra*). Moreover, we note that the instant appellant would not even have been resentenced at all under the subsequent decisions in *People* v. *Saunders* (28 N Y 2d 196); *People* v. *Lynn* (28 N Y 2d 196) and *People* v. *Ali* (35 A D 2d 435). Finally, County Court at the resentencing reduced the maximum length of appellant's sentence by five years. While we cannot alter this decision, we find no basis in the record for any such reduction. Judgment affirmed. Herlihy, P. J., Reynolds, Aulisi, Greenblott and Cooke, JJ., concur.