UNITED STATES of America ex rel.
Franklin COOPER, Petitioner,

v.

Hon. John L. ZELKER, Superintendent
of Green Haven Correctional Facility,
Stormville, New York, Respondent.

No. 71 Civ. 3305.

United States District Court,
S. D. New York.

Feb. 17, 1972.

Franklin Cooper, pro se.

Louis J. Lefkowitz, Atty. Gen. of
N. Y., New York City, for respondent;

Benton J. Levy, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, indicted for murder in the first degree and robbery in the first degree, entered a plea of guilty to murder in the second degree in satisfaction of both charges. The plea was accepted only after the court had questioned petitioner and was satisfied that it was voluntarily and understandingly entered, and that in fact he was engaged in the commission of a felony when the alleged homicide was committed. On October 21, 1958, he was sentenced to a term of twenty years to life. Upon the entry of his plea and at sentencing, petitioner was represented by court-appointed attorneys.

After petitioner had served almost eleven years of his sentence, it was vacated upon allegations that he had not been advised of his right to appeal and he was resentenced under the procedure specified in People v. Montgomery.[1] Afforded the right of allocution upon resentencing, the petitioner sought withdrawal of his guilty plea that had been entered eleven years earlier, which the court, in the exercise of discretion, denied without a hearing, stating that the lapse of time was inherently prejudicial to the People.[2] The court decried the practice of using "the Montgomery Doctrine de novo to with-draw [a] previously entered plea of guilt." The petitioner, in response to the court's further inquiry as to whether there was any other reason why judgment should not be pronounced, stated there was none since his motion had been denied. Thereupon, the court sentenced the defendant to a term of twenty years to natural life nunc pro tunc as of October 21, 1958, the date of original sentence.

Upon appeal, the judgment of conviction was affirmed by the Appellate Division and leave to appeal denied by the Court of Appeals. Petitioner initiated no other proceedings in the state court, but filed the present petition seeking his release by a writ of habeas corpus upon allegations that the judgment of conviction was in violation of his federal constitutional rights.

■ A study of the record indicates that insofar as petitioner here seeks to void his conviction for alleged constitutional infirmities, he has failed to exhaust available state remedies—that at no time has he properly presented such claims to the New York courts, which alone requires dismissal of his petition.[3] Upon appeal, his only contention was that the sentencing court erroneously viewed the *Montgomery* procedure as solely for the purpose of resentencing to start petitioner's time to appeal to run anew and that the summary denial of his motion for withdrawal of his guilty plea without a hearing was error which required a remand "to the trial court with instructions to inquire into the merits of [defendant's] allegations and if necessary, order that a hearing be held on such allegations."[4] This claim involving the scope of the resentencing court's power under the *Montgomery* procedure presented no federal constitutional issue to the state courts.

Nor were any of the other claims made in support of the present petition ever properly made to the state courts. As noted, the petitioner's motion for leave

1. 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E.2d 130 (1969).

2. In making his application, petitioner incorrectly referred to § 237 of the Code of Criminal Procedure, which related to the appointment of the foreman of a grand jury. The court deemed his application as made under § 337 of the Code, which authorized the court in its discretion to permit the withdrawal of a previously entered plea of guilty.

3. *See* Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); United States ex rel. Santiago v. Follette, 298 F.Supp. 973 (S.D.N.Y.1969); United States ex rel. Knight v. Fay, 232 F.Supp. 910, 911–912 (S.D.N.Y. 1964).

4. Brief for Appellant at 6.

to withdraw his guilty plea was made orally in response to his right of allocution; when his application was denied, he was asked if he had any other reason why judgment should not be pronounced and he said he had none. No affidavits were presented with respect to his motion for withdrawal of his plea and as to any other claim. After his appellate counsel submitted a brief to the Appellate Division, petitioner, pro se, submitted a supplemental brief, neither signed nor verified, wherein he advanced in argument form, without evidential support, various issues, constitutional and otherwise. At no time did he present a verified petition either in support of a writ of error coram nobis or a writ of habeas corpus to void the judgment of conviction for alleged constitutional infirmity. The fact that he appealed from the denial of his motion to vacate his sentence did not give him the right by way of an argumentative pro se brief to short circuit procedural requirements. There is still available to him, upon proper petition, a coram nobis or habeas corpus challenge to his judgment of conviction.[5] The state court is entitled in the first instance to correct alleged constitutional errors.

Moreover, entirely apart from failure to exhaust state remedies, his constitutional as well as non-constitutional challenges to the judgment of conviction are without merit.

■ Petitioner's claim that the court's refusal to grant him a hearing on his motion to withdraw his guilty plea at the resentencing under the *Montgomery* procedure violates his constitutional rights is without substance. A *Montgomery* resentencing is a procedural device designed to restore to a defendant his constitutional right of appeal of which he had been deprived because he had not been properly advised of that right either by his attorney or the court. It starts the time to appeal to run anew, thus reinstating a defendant's right to appeal his judgment of conviction.[6] The procedure was adopted by the New York courts to preserve a defendant's right of appeal as a matter of due process and equal protection. It was not adopted to reinstate the statutory right of a defendant to move for the withdrawal of a plea of guilty, a matter involving the court's discretion.[7] In making available a new opportunity to appeal from a judgment of conviction of which defendants had been unconstitutionally deprived, the state was not required also to afford him a new opportunity to apply to the court's discretion to be relieved of a guilty plea.

■ Even assuming that a motion for the withdrawal of a guilty plea was authorized under the *Montgomery* procedure, it appears that petitioner's motion was properly rejected by the court in the exercise of its discretion based upon its view that to require a trial after a lapse of twelve years after the commission of the crime would be "inherently prejudicial to the People." The matter was within the court's sound discretion and the denial of the motion raises no federal constitutional issue;[8] nor does the failure

5. *See, e. g.*, People v. Lucci, 27 N.Y.2d 550, 313 N.Y.S.2d 121, 261 N.E.2d 263 (1970); People v. Bagley, 23 N.Y.2d 814, 297 N.Y.S.2d 313, 244 N.E.2d 880 (1969); People ex rel. Zakrzewski v. Mancusi, 22 N.Y.2d 400, 292 N.Y.S.2d 892, 239 N.E.2d 638 (1968); People ex rel. Keitt v. McMann, 18 N.Y.2d 257, 273 N.Y.S.2d 897, 220 N.E.2d 653 (1966); *cf.* People v. Lynn, 28 N.Y.2d 196, 321 N.Y.S.2d 74, 269 N.E.2d 794 (1971).

6. *See* People v. O'Bryan, 26 N.Y.2d 95, 308 N.Y.S.2d 830, 257 N.E.2d 19 (1970);

People v. Callaway, 24 N.Y.2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969).

7. *See* People v. Bennett, 29 N.Y.2d 494, 323 N.Y.S.2d 969, 272 N.E.2d 481 (1971); People v. Harley, 37 App.Div. 2d 742, 323 N.Y.S.2d 256 (3d Dep't 1971).

8. *See* United States ex rel. Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970), cert. denied, 402 U.S. 909, 91 S.Ct. 1385, 28 L.Ed.2d 651 (1971); United States ex rel. Rosa v. Follette, 395 F.2d 721, 726 (2d Cir.), cert. denied, 393 U.S. 892,

to grant a hearing on petitioner's oral application when exercising his right of allocution present any constitutional claim, since the court was aware of the time factor.

▮▮ As to his several claims that his plea was not voluntary but coerced, no evidential facts support his conclusory allegation. The minutes show the voluntary entry of a plea when defendant was represented by counsel [9] and questioned by the court before its acceptance. No affidavit has been submitted by his counsel nor any explanation offered for its absence.[10] Merely culling statements from leading constitutional cases does not supply the evidentiary matter required to support an attack on a judgment of conviction as constitutionally void.[11]

▮ The other claims of petitioner are patently without merit. Petitioner's contention that he was subjected to double jeopardy because a mistrial had been declared in a prior trial is frivolous. His counsel had moved for a mistrial and it was granted.[12]

▮ Finally, his contention that at the time of his resentencing he was resentenced for a crime which was no longer punishable since it had been eliminated upon adoption of the new Penal Law, effective September 1967,[13] falls of its own weight. The new statute contains a saving clause providing that its provisions do not apply to "punishment for any offense committed prior to [September 1, 1967] . . . . Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this chapter had not been enacted." [14]

The petition is dismissed for failure to exhaust state remedies and on the merits.

89 S.Ct. 216, 21 L.Ed.2d 172 (1968); United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965), aff'd, 365 F.2d 832 (2d Cir. 1966) (per curiam), cert. denied, 386 U.S. 998, 87 S.Ct. 1319, 18 L.Ed.2d 347 (1967); cf. United States v. Hughes, 325 F.2d 789 (2d Cir.), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964); United States v. Smiley, 322 F.2d 248 (2d Cir. 1963) (per curiam); United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957).

9. Cf. Brady v. United States, 397 U.S. 742, 754–756, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 25 L. Ed.2d 763 (1970); United States ex rel. Burke v. Mancusi, 453 F.2d 563 (2d Cir., 1971).

10. See United States ex rel. Roldan v. Follette, 450 F.2d 514, 517 (2d Cir. 1971); United States ex rel. Rosen v. Follette, 409 F.2d 1042 (2d Cir. 1969) (en banc), cert. denied, 398 U.S. 930, 90 S.Ct. 1822, 26 L.Ed.2d 93 (1970).

11. See United States ex rel. Seible v. La Vallee, 450 F.2d 842, 845 (2d Cir. 1971); United States ex rel. Rosen v. Follette, 409 F.2d 1042, 1045 (2d Cir. 1969) (en banc), cert. denied, 398 U.S. 930, 90 S.Ct. 1822, 26 L.Ed.2d 93 (1970); United States ex rel. Lott v. Mancusi, 325 F.Supp. 1177, 1181 (S.D.N.Y.1971); United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965), aff'd, 365 F.2d 832 (2d Cir. 1966) (per curiam), cert. denied, 386 U.S. 998, 87 S.Ct. 1319, 18 L.Ed.2d 347 (1967).

12. See United States v. Jorn, 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); United States v. Tateo, 377 U.S. 463, 467, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).

13. See N.Y. Penal Law § 500.10 (McKinney 1967 c. 40).

14. N.Y. Penal Law § 5.05 (McKinney 1967); see People ex rel. Caruth v. La Vallee, 37 App.Div.2d 661, 323 N.Y.S.2d 18 (3d Dep't 1971).