**UNITED STATES of America ex rel. Francis SEIBLE, Petitioner,**

v.

**Hon. J. E. LA VALLEE, Warden, Clinton Prison, New York, Respondent.**

**No. 69 Civ. 3467.**

United States District Court, S. D. New York.

March 23, 1970.

Francis Seible, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Lillian Z. Cohen, Asst. Atty. Gen., of counsel.

## MEMORANDUM

COOPER, District Judge.

Petitioner, Francis Seible, was convicted on July 14, 1965 of robbery in the third degree in Westchester County Court, White Plains, New York, after entering a plea of guilty on June 24, 1965. He is presently incarcerated in Clinton Prison, Dannemora, New York.

On February 13, 1968, petitioner submitted a request for a writ of error coram nobis alleging that his plea of guilty was induced by a deliberate misrepresentation of his counsel. The application was denied, without a hearing, on June 5, 1968, by Judge Marbach of the Westchester County Court; order affirmed without opinion by the Appellate Division, Second Department, on March 24, 1969; leave to appeal to the New York Court of Appeals was denied on July 2, 1969. Petitioner now moves this Court for a writ of habeas corpus, contending that his defense counsel's "misrepresentations" constituted violations of his sixth and fourteenth Amendment rights.

Petitioner claims that on June 24, 1965, immediately prior to entering his plea of guilty, he was informed by his defense counsel, Natalie Steinbock, that she had made a motion to suppress certain pieces of physical evidence,[1] and that this motion had been denied; that upon learning of the denial, his "will to resist was overborne" and he "reluctantly agreed to plead guilty";[2] that in fact no such motion had been made and that his guilty plea therefore was not voluntary.

In United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969), our Circuit clearly established the responsibility, and the scope of review, of a district court when considering a petition for habeas corpus by a state prisoner convicted upon a plea of guilty, holding that a guilty plea even when the defendant is represented by counsel, is not an absolute bar, upon conviction, to a collateral attack that the plea, either because of threats or promises, was in fact not voluntary.

"The question to be answered in any case involving a collateral attack on a conviction based upon a plea of guilty is usually expressed in terms of

1. While both parties appear to agree that the motion would have sought to suppress allegedly illegally seized evidence, neither party has provided us with any information as to what items, if any, were in fact taken from petitioner and the circumstances surrounding their seizure.

2. Petition For Habeas Corpus, Francis Seible, August 6, 1969, p. 2.

whether or not the plea was a voluntary act. * * * And Townsend v. Sain * * * *requires that where the petitioner in such a case has not received a 'full and fair evidentiary hearing' in a state court as to the voluntariness of the plea, a hearing be held in the federal District Court."* 409 F.2d at 1019 (emphasis added)

In applying this standard, our Circuit cautioned that mere conclusory allegations by the petitioner of the existence of factors which induced his guilty plea, without particularized factual support as to how his plea was rendered involuntary, should not be sufficient to predicate an order for a hearing. (409 F.2d at 1022). While the court in *Ross* was satisfied from petitioner's affidavit alone that he was entitled to the requested hearing on the voluntariness of his plea, it suggested that "to enable the district court to decide whether or not a hearing should be ordered, additional supporting material such as the affidavit of the attorney * * * exhibits or affidavits of persons having knowledge of the claimed facts, should be appended * * *."

After a full examination of the evidence before us concerning the events of June 24, 1965, we find that petitioner is entitled to a hearing on his application.

The State concedes that there is no record in the Westchester County Clerk's office indicating that a motion to suppress was made by defense counsel. Yet, at the time of petitioner's plea of guilty (June 24, 1965), the following colloquy took place: [3]

DEFENSE COUNSEL: May it please the Court, the defendant, Francis Seible requests the Court's permission to withdraw his plea of not-guilty en-

---

3. The complete colloquy is as follows:

DISTRICT ATTORNEY: Now, Your Honor, I believe counsel has an application to make in connection with the defendant, Francis Seible.

DEFENSE COUNSEL: May it please the Court, the defendant, Francis Seible requests the Court's permission to withdraw his plea of not-guilty entered heretofore and to enter a plea of guilty to the crime of Robbery in the 3° under the first count of the indictment to cover the indictment pending against him.

* * * * *

THE COURT: I understand that heretofore before another judge of this Court your attorney had made a motion to suppress and also there has been an application made for what we call, a Huntley Hearing to test the voluntariness of the statement that you were alleged to have made.

Now, before the Court can entertain the application on your behalf by your attorney to withdraw your previously entered plea of not-guilty to the indictment and to offer a plea of guilty to the crime and felony of Robbery in the 3° it is necessary for you to state to the Court for the record that you withdraw the motion that you previously made to suppress evidence and also withdraw your application for what we call a Huntley Hearing, is that clear to you?

THE DEFENDANT: Yes, sir.

DEFENSE COUNSEL: May I your Honor?

THE COURT: Yes.

DEFENSE COUNSEL: The defendant withdraws the application for the Huntley Hearing but on the motion to suppress, there has been a decision made.

THE COURT: There has been a decision?

DEFENSE COUNSEL: Yes. That motion was decided, only the Huntley Hearing was not decided.

THE COURT: Thank you for advising me of that, so, it is only just the matter of your withdrawing your application for the Huntley Hearing on the voluntariness of the confession.

THE DEFENDANT: Yes, sir.

THE COURT: Do you wish to withdraw your application for the Huntley Hearing?

THE DEFENDANT: Yes, sir.

DISTRICT ATTORNEY: Voluntary on his part?

THE COURT: You have to do it voluntary. It is my considered opinion that I should not accept a plea while there is a Huntley Hearing pending, you see, or the possibility of having one. You wish to withdraw it.

THE DEFENDANT: Yes, sir.

THE COURT: And that is after discussing the matter with your attorney?

THE DEFENDANT: Yes, Sir.

(Minutes of Guilty Plea, Francis Seible, June 24, 1965, pp. 2–4).

tered heretofore and to enter a plea of guilty to the crime of Robbery in the 3° under the first count of the indictment to cover the indictment pending against him.

\* \* \* \* \* \*

DEFENSE COUNSEL: The defendant withdraws the application for the Huntley Hearing but on the motion to suppress, there has been a decision made.

THE COURT: There has been a decision?

DEFENSE COUNSEL: Yes. That motion was decided, only the Huntley Hearing was not decided.

The State contends that this transcript does not provide support for petitioner's claim that his counsel misrepresented the status of a suppression hearing. Motions were made by Mrs. Steinbock, prior to petitioner's guilty plea, to inspect grand jury minutes, for a severance and separate trial, and to dismiss the indictment, in addition to her request for a Huntley hearing. These motions had been denied by Justice Trainor. Therefore, the State argues, the "reasonable implication" is that all references to the suppression motion were "no more than an unfortunate slip-of-the-tongue and that the reference was actually to those motions which had been decided." (Affidavit of Lillian Z. Cohen, October 15, 1969, pp. 5–6).

We find it difficult to conclude, on the basis of the papers before us, that the unambiguous discussion between the judge and defense counsel, in the presence of the prosecution, about a motion to suppress was simply a "slip-of-the-tongue."

Further, in an affidavit of Natalie Steinbock, April 24, 1968, she recites:

"Before the entry of the plea of guilty in this case, a hearing was held before Mr. Justice Trainor both as to the admissibility of an alleged confession and as to the introduction of physical evidence in the case. I had during the course of that hearing, advised the defendant that an adverse ruling on the motion to suppress and the Hunt-

ley Hearing could be appealed from even if a plea of guilty were entered."

 We regard this evidence as presenting a genuine factual issue warranting a full and fair hearing, as mandated in *Ross*. See also United States ex rel. Williams v. Follette, 408 F.2d 658 (2d Cir. 1969); United States ex rel. Comacho v. Follette, 421 F.2d 822 (2d Cir. 1970), to determine: (a) whether or not petitioner was in fact misinformed, prior to his plea of guilty, as to an adverse ruling on a suppression motion made on his behalf; and (b) whether this misrepresentation, if made, was of sufficient influence on the petitioner to render his plea involuntary.

We appoint Jeffrey A. Barist, Esq., 14 Wall Street, New York, New York, to represent petitioner Francis Seible on this application for a writ of habeas corpus.