UNITED STATES of America ex rel. Francis SEIBLE, Petitioner,

v.

Hon. J. E. LA VALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent.

No. 69 Civ. 3467.

United States District Court, S. D. New York.

July 14, 1970.

Jeffrey A. Barist, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., of New York, New York City, for respondent; Lillian Z. Cohen, Asst. Atty. Gen., of counsel.

## MEMORANDUM

COOPER, District Judge.

In a memorandum opinion, dated March 23, 1970, we ordered an evidentiary hearing, under the authority of United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969), to determine the voluntariness of petitioner's plea of guilty. We then granted a motion, made on behalf of the State, to stay that hearing pending Supreme Court review of *Ross*. We now find that the guidelines for review of guilty pleas, as set forth in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), mandate our denial of the writ of habeas corpus.

Petitioner Seible's allegations are similar to the factual setting of *Richardson*. Seible claims that immediately prior to entering his plea of guilty he was misinformed by his counsel that a motion to suppress had been denied, and mindful of this unpropitious "decision" his "will to resist was overborne" causing him to plead guilty. See generally, Opinion, United States ex rel. Seible v. La Vallee, 315 F.Supp. 183, 1970.

In *Richardson*, the issue before the court involved the counselled defendant

"who allegedly would put the State to its proof if there was a substantial enough chance of acquittal, who would do so except for a prior confession which might be offered against him, and who because of the confession, decides to plead guilty to save himself the expense and agony of a trial and perhaps also to minimize the penalty which might be imposed. After conviction on such a plea, is a defendant entitled to a hearing, and to relief if his factual claims are accepted, when his petition for habeas corpus alleges that his confession was in fact coerced and that it motivated his plea?" at 397 U.S. 767–768, 90 S.Ct. at 1447.

Whether it be the presence of an alleged coerced confession or the belief that a suppression hearing had been adversely resolved, the language of *Richardson* is equally appropriate.

"The defendant who pleads guilty is in a different posture. He is convicted on his counselled admission in open court that he committed the crime charged against him. The prior confession [or the allegedly illegally seized evidence] is not the basis for the judgment, has never been offered in evidence at trial, and may never be offered in evidence." at 397 U.S. 773, 90 S.Ct. at 1450.

This conclusion appears especially accurate on the facts before us. Seible fails either to assert that he was innocent of the crime charged or detail what property was taken from him and why that seizure was illegal.[1] Further, at the time

---

1. Although Seible recites the misinformation allegedly imparted to him by his attorney, there is no explanation of his failure to realize his absence at the "evidentiary hearing."

of the taking of the plea, petitioner willingly withdrew his request for a Huntley hearing establishing the existence of a prior confession to the alleged crime. Additionally, Seible never sought to question the propriety of the "decision on his suppression motion" by direct or collateral appeal. This course of conduct is inconsistent with Seible's present allegations as to the cause of his guilty plea. Here again, *Richardson* is indeed enlightening and, we believe, governs the situation which confronts us here.

> "Since we are dealing with a defendant who deems his confession crucial to the State's case against him and who would go to trial if he thought his chances of acquittal were good, his decision to plead guilty or not turns on whether he thinks the law will allow his confession to be used against him. For the defendant who considers his confession involuntary and hence unusable against him at trial, tendering a plea of guilty would seem a most improbable alternative. The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal or, if necessary, in a collateral proceeding and win acquittal, however guilty he might be. * * * If he nevertheless pleads guilty the plea can hardly be blamed on the confession which in his view was inadmissible evidence and no proper part of the State's case. * * * * * * At least the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that the State's case is too strong to contest and that a plea of guilty is the most advantageous course. Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession, is an involuntary act. His later petition for collateral relief asserting that a coerced confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised * * * his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable." at 397 U.S. 768–769, 90 S.Ct. at 1448.

Seible's real argument is that the alleged misstatement of counsel, made to him prior to his plea of guilty, constituted a deprivation of his right to effective counsel as required by the Sixth and Fourteenth Amendments. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The short answer to this argument is our Circuit's recent decision United States ex rel. Scott v. Mancusi, 2 Cir., 429 F.2d 104, July 6, 1970.

> "This argument is not supported by the record. * * * [counsel's] conduct was not such as would 'shock the conscience of the Court and make the proceedings a farce and mockery of justice' * * * for there to be a lack of compliance with the fundamental fairness essential to due process, counsel's representation must be so ' "horribly inept" as to amount to a "breach of his legal duty faithfully to represent his client's interests" * * *.' "

Accordingly, the order we heretofore made directing a hearing be held is vacated and set aside, and petitioner's application for a writ of habeas corpus is denied in all respects.

So ordered.