UNITED STATES of America ex rel. Francis SEIBLE, Petitioner-Appellant,

v.

J. Edwin LaVALLEE, Warden, Clinton State Prison, Dannemora, New York, Respondent-Appellee.

No. 980, Docket 71-1186.

United States Court of Appeals, Second Circuit.

Argued June 17, 1971.

Decided Oct. 7, 1971.

---

Ira J. Dembrow, New York City (Allen S. Joslyn and Daniel Sheehan, New York City, on the brief), for petitioner-appellant.

Steven M. Hochberg, Asst. Atty. Gen. of N. Y. (Louis J. Lefkowitz, Atty. Gen. of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., and Iris A. Steel, Asst. Atty. Gen., New York City, on the brief), for respondent-appellee.

Before LUMBARD, KAUFMAN and TIMBERS *, Circuit Judges.

TIMBERS, Circuit Judge:

We are called upon to determine the propriety of the denial without a hearing of a state prisoner's petition for a writ of habeas corpus by the United States District Court for the Southern District of New York, Irving Ben Cooper, *District Judge*. Petitioner claims that his guilty plea entered more than six years ago was coerced because his retained counsel misinformed him about the status of a motion to suppress. For the reasons stated below, we affirm the denial of the petition, but on the ground that it failed adequately to allege facts sufficient to enable the District Court to act upon the claims presented or even to determine the necessity for a hearing.

Appellant Francis Seible, now on parole, was arrested September 5, 1964 while fleeing from the scene of a robbery. On December 6, 1964, he pleaded not guilty to charges of first degree robbery, first degree grand larceny and second degree assault. On June 24, 1965, while represented by retained counsel—and under circumstances detailed below—he changed his plea to one of guilty to a charge of third degree robbery before Honorable Fred. A. Dickinson in the Westchester County Court. On July 14, 1965, Judge Dickinson sentenced him as a third felony offender to a prison term of 5 to 8 years.

Nothing further was heard from Seible until February 13, 1968 when he filed a coram nobis petition in the Westchester County Court alleging that his retained counsel at the time he pleaded guilty "[k]nowingly misrepresented vital facts to [him] at the pleading proceeding." The coram nobis petition was denied without a hearing on June 5, 1968 by Honorable John C. Marbach. The Appellate Division affirmed without opinion on March 24, 1969. People v. Seible, 31 A.D.2d 1010, 299 N.Y.S.2d 809 (2d Dept. 1969). Leave to appeal was denied by Chief Judge Fuld of the New York Court of Appeals on July 2, 1969.

Seible filed his habeas corpus petition in the Southern District of New York on August 1, 1969. Judge Cooper on March 23, 1970, 315 F.Supp. 183, ordered a hearing on the petition, relying upon our en banc decision in United States ex rel. Ross v. McMann, 409 F.2d 1016 (2 Cir. 1969).[1] After the decision

---

\* Chief Judge of the District of Connecticut, sitting by designation at the time of argument.

1. Although certiorari was granted in this case, 396 U.S. 813, because of the subsequent death of Ross his case was never heard on the merits in the Supreme Court, the judgment of our Court having been vacated for mootness. McMann v. Ross, 396 U.S. 118 (1969).

by the Supreme Court in McMann v. Richardson, 397 U.S. 759 (1970), Judge Cooper on July 14, 1970 entered an order vacating his earlier order which had granted a hearing and denied Seible's habeas corpus petition. 315 F.Supp. 186. It is from the latter order that the instant appeal is taken.

The gravamen of Seible's grievance in his coram nobis petition in the state court, as well as in his habeas corpus petition in the District Court, was that his guilty plea of June 24, 1965 was entered only after Seible's retained counsel, Mrs. Natalie B. Steinbock, had informed the state judge and Seible that her motion on behalf of Seible to suppress physical evidence on the ground of an illegal search and seizure had been denied by another judge; that in fact no such motion had been filed, and of course no such ruling had been made; and "[t]hat the only reason petitioner entered a plea of guilty was because of the misrepresentation of counsel and except for it he would have stood upon his not guilty plea." [2]

What happened in the Westchester County Court at the time of Seible's change of plea on June 24, 1965, so far as the record before us shows, is as follows. As a third felony offender, he was exposed to a prison term ranging from 15 to 60 years if convicted after trial on the charges for which he had been indicted. N.Y. Penal Law § 1941 (McKinney Supp.1966). As the result of his plea of guilty to third degree robbery in satisfaction of the entire indictment, he was sentenced to a term of 5 to 8 years.

Before accepting Seible's change of plea, the judge stated his understanding that Seible had two motions pending before another judge: a motion to suppress (as to which the judge was in error) and an application for a Huntley hearing to determine the voluntariness of Seible's confession (as to which the judge was correct). Seible, before changing his plea, voluntarily and upon the advice of counsel, withdrew his application for a Huntley hearing.[3]

As for the motion to suppress, defense counsel erroneously informed the judge that "there has been a decision made." The judge did not ask Seible further regarding this motion. While it is not necessary, in view of the ground of our decision, to determine to what defense counsel was referring when she mentioned a motion to suppress, the record does show that, in addition to the application for a Huntley hearing (which was pending undetermined on June 24), she had filed three separate motions on April 20: (1) for inspection of the grand jury minutes; (2) for a severance and separate trial; and (3) for dismissal of the indictment for failure to prosecute. Each of these motions had been denied on April 29, and a formal order had been entered accordingly on May 12.

When Seible appeared in court on June 24, it was with the specific intention of withdrawing his not guilty plea and pleading guilty to the lesser offense. The motion for permission to change his plea was made before there was any reference to a pending motion to suppress.

When the judge informed Seible that he could not accept a guilty plea while a motion to suppress evidence was pending, Seible expressed no surprise whatever at learning that no decision on that motion had been rendered, nor any surprise that he had not been present at such an evidentiary hearing. He

---

2. Coram nobis petition of February 13, 1968 (Appendix, p. 8); see habeas corpus petition of August 1, 1969 (Appendix, p. 13).

3. The complete colloquy, to the extent here relevant, between the court, counsel and

defendant in the Westchester County Court on June 24, 1965 is set forth in the opinion of the District Court below. 315 F.Supp. 183, 185 n. 3.

showed no reluctance whatever in withdrawing his motion to suppress; indeed, he expressed a willingness to do so.

Seible has alleged in his coram nobis petition and in his habeas corpus petition that his counsel had informed him prior to his change of plea that he could appeal the denial of his motion to suppress notwithstanding his guilty plea. See N.Y.Code of Crim.Proc. § 813–c (McKinney Supp.1970); cf. United States ex rel. B. v. Shelly, 430 F.2d 215, 217 n. 3 (2 Cir. 1970). No such appeal was ever taken by Seible. His counsel unequivocally informed Seible (and his brother who retained her and paid her fee) that she was not interested in handling any possible appeal from Seible's judgment of conviction.

Seible has never alleged in any court what evidence he sought to suppress pursuant to his illegal search and seizure claim; nor has he ever alleged under what circumstances such evidence is claimed to have been taken. Such allegations would appear to be particularly indispensable here in vew of the fact that the record does disclose that Seible was arrested with his accomplices while fleeing the scene of a robbery after a gun battle with the police.

Seible makes the bald assertion that he would not have pleaded guilty but for the misinformation from his counsel. This, in the face of his confession and the absence of any allegation indicating the prejudicial character of the evidence seized, does not cross the threshold test which would necessitate a hearing. It is a mere barren, formulistic and conclusory utterance. United States ex rel. Rosen v. Follette, 409 F.2d 1042, 1044–45 (2 Cir. 1969) (en banc), cert. denied, 398 U.S. 930 (1970); see United States v. Welton, 439 F.2d 824 (2 Cir. 1971). Consequently, we do not reach the constitutional issues sought to be raised; and we hold that Seible's petition for a writ of habeas corpus was insufficient. Judge Cooper was correct in dismissing the petition without a hearing.

Affirmed.