UNITED STATES of America ex rel. Raymond FIGUEROA, Petitioner-Appellant,

v.

Daniel McMANN, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.

No. 547, Docket 33198.

United States Court of Appeals Second Circuit.

Argued April 24, 1969.

Decided June 3, 1969.

Donald E. Nawi, New York City, for appellant.

Joel H. Sachs, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and WYATT, District Judge.*

PER CURIAM:

Appellant was indicted for first degree murder in 1962. After pleading not guilty by reason of insanity, he was committed to Bellevue Hospital for psychiatric observation. The hospital's report indicated that the appellant had a previous history of confinement in a mental hospital, that he had a "sociopathic personality with aggressive features and borderline intelligence," but that he was sufficiently sane to stand trial. In February 1963, the appellant was allowed to plead guilty to second

* Of the Southern District of New York, sitting by designation.

degree murder, and was sentenced to 20 years to life.

On January 11, 1966, the appellant asked the New York Supreme Court to "take [his guilty] plea back"; he stated that at the time of his arrest he was illiterate and under the supervision of a mental hospital and that his mother had influenced his plea on the mistaken belief, induced by his court-appointed lawyer, that his sentence would be nine years. The letter was treated as a *coram nobis* petition to vacate the conviction. The Court had before it appellant's original insanity plea and the Bellevue Report. Finding that appellant's claim of misrepresentation of sentence was "conclusively refuted by the filed conviction minutes," the court denied appellant's application in all respects. On October 18, 1967, the Appellate Division affirmed the lower court's denial of relief and leave to appeal to the Court of Appeals was thereafter also denied.

On January 18, 1968, the appellant filed in the district court a petition for a writ of habeas corpus in which he claimed that he had been deprived of his constitutional rights when he was misled about the nine year sentence and when "he was allowed to plead guilty to the crime of murder in the second degree with a history of mental incompetence." The district court appointed counsel to obtain affidavits from appellant's mother and lawyer and to take such further action as competent professional judgment might dictate.

Counsel produced a number of medical reports, found further evidence of appellant's severe mental disturbance and retardation and submitted an affidavit from a psychiatrist who was of the opinion that appellant could not have made an intelligent and knowing plea of guilty. In another affidavit the appellant's mother said she had received the nine year sentence advice from a court attendant or court reporter. Counsel filed and amended petition, claiming that the issue was whether or not appellant's plea was reasoned and knowing, and entered voluntarily, after proper advice of counsel, with full understanding of the consequences.

On the basis of the evidentiary material, the district court found that a full hearing was required.[1] Because the issues before it differed markedly from those before the state court, however, the district court concluded that appellant had not exhausted available state remedies and dismissed the petition. This action did not involve the prospect of unreasonable delay because the state agreed to give a prompt hearing on the issues raised as soon as a new *coram nobis* application was made.

■■ When a state prisoner presents a materially different claim and stronger evidentiary case before the federal court in a habeas corpus petition, and a state forum is available to consider the additional factors and varied claim, the federal court should properly dismiss the petition before it. United States ex rel. Boodie v. Herold, 349 F.2d 372 (2 Cir. 1965); United States ex rel. Kessler v. Fay, 232 F.Supp. 139, 142 (S.D.N.Y. 1964); United States ex rel. Scarnato v. Fay, 347 F.2d 424 (2 Cir. 1965). Nothing in Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41, reversing United States ex rel. Roberts v. LaVallee, 373 F.2d 49 (2 Cir. 1967), requires a different result here.

The judgment of the District Court is affirmed.

---

1. In view of our disposition of the appeal, there is no occasion to consider whether, under the principles announced by a closely divided Court in Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (March 24, 1969), the lower court should have authorized discovery by petitioner.