■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD CLARENCE SMITH, Appellant.— COOKE, J. Appeal from a judgment of the Supreme Court, Saratoga County, rendered December 27, 1968, which resentenced defendant on his plea of guilty as to four counts of sodomy in the first degree. Based on said plea of guilty, defendant was sentenced originally on December 11, 1957 to an indeterminate term having a minimum of one day and a maximum of his natural life, receiving at the same time a sentence of 20 years to life upon pleading guilty to the crime of murder in the second degree. Thereafter two *coram nobis* proceedings were instituted in respect to the sodomy convictions, resulting in vacating the original sentence thereon and the subsequent resentence of appellant to a one-day-to-life term. The discretion of the sentencing Judge to mete out a one-day-to-life sentence, in any case subject to section 2189-a of the former Penal Law, is limited to those cases in which the record indicates some basis for a finding that the defendant is a danger to society or is capable of being benefited by the confinement envisaged under the statutory scheme (*People* v. *Bailey,* 21 N Y 2d 588, 594). Testimony at the hearing and material in the psychiatrists' report each furnished a basis for the exercise of the discretion of the court below in finding appellant a danger to society and no adequate reason has been advanced to disturb that discretion. Since the crimes here in question were committed prior to September 1, 1967, they must be punished according to the provisions of law existing at the time of their commission, and section 2189-a of the former Penal Law is applicable here (Penal Law, § 5.05; *People* v. *Stevenson,* 32 A D 2d 662). While it is true that the Legislature did not see fit to re-enact section 2189-a as part of the revised Penal Law, it is also obvious that it did not make an exception in regard thereto from the provisions of subdivision 3 of section 5.05 of the new Penal Law. Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.