Richard J. Shat, J.
The petitioner in this matter is here by virtue of a writ of habeas corpus and order signed by the Cayuga County Court directing:
First, that the sentence imposed on November 13, 1951 under the provisions of section 2189-a of the former Penal Law committing the petitioner to an indeterminate, one-day-to-life term of confinement be vacated and set aside; and
Second, that the petitioner be re-examined prior to resentence and be afforded all the rights and privileges enumerated in People v. Bailey (21 N Y 2d 588) and thereafter be resentenced.
The Bailey case prescribed a procedure to be followed in such instances, which included an examination or re-examination of the defendant, the rendition of a report to the sentencing court by the examining psychiatrists, and an opportunity for the defendant to controvert such report.
We have attempted to follow the Bailey guidelines as nearly as possible in this matter, but we have been forced to improvise to a certain extent.
The report of the psychiatrists in this instance obviously did not meet the Bailey requirement that it state the risk to society involved in the defendant’s immediate release and the defendant’s potential for responding to treatment. The examiners stated frankly that they would have to base determination of the present existence of a sexual problem on a factual question of whether this man, while on parole in the summer of 1969, made certain reported sexual overtures to some named young boys. That question was to be determinative of their diagnosis.
Faced with this commendable reluctance on the part of the doctors to make a judgment. which would obviously result in the immediate return of this defendant to prison, a procedure was designed which involved an evidentiary hearing wherein testimony was taken from certain youngsters allegedly involved, this past summer, with the defendant in a sexually deviate manner; following the receipt of this testimony (the defendant being represented by counsel and allowed the right of cross-examination) the District Attorney was permitted to pose a hypothetical to Dr. Judson Albaugh, Director of the Cortland County Mental Health Center, who authored the original report. Assuming the truth of the hypothetical, the doctor rendered an opinion that the defendant did, in fact, represent a risk to society *319 if he were to be immediately released and did have a fair potential of responding to treatment.
Based on the entire record I find that there would be a serious risk to society involved with the immediate release of the petitioner and I have concluded that the safeguards which Bailey hoped to achieve and the problems it hoped to avoid have, as far as possible, been dealt with by this procedure.
I find that there is sufficient evidence in this record to sustain the original sentence of this court and to sustain the reimposition of that sentence at this time.
I note that the defendant has explained the failure of the correctional system in recent years to attempt any rehabilitative measures in the psychiatric sense. I am of the opinion that this deficiency must be corrected and I have been in touch with the counsel for the New York State Department of Correction in Albany to this end.
The appellate courts, in construing the one-day-to-life sentence, have emphasized that adequate psychological and psychiatric services are indispensable to such sentences. (People ex rel. Smith v. La Vallee, 29 A D 2d 248; People ex rel. Kaganovitch v. Wilkins, 23 A D 2d 178.)
The leading early case in this area was People v. Jackson (20 A D 2d 170) which was cited with approval and quoted extensively in People v. Bailey (21 N Y 2d 588, supra). The decisions in these and other cases, read as a whole, have convinced me that the one-day-to-life sentence provided in the former Penal Law for various sexual offenders (and not carried forward into the revised Penal Law) is a sentence unique in our system. I am of the opinion that it is a sentence subject to judicial alteration, even where properly imposed, when its purposes are not fulfilled by the Department of Correction procedures.
I recognize these observations will have no binding effect on any other Judge considering any future application by the petitioner herein but they are made with his future protection in mind. In the event the direction for treatment and therapy, Avhich I will include in my judgment, is not followed, then it would be within reason for this petitioner to again seek a writ of habeas corpus, following which a full hearing relative to psychological and psychiatric treatment he is or is not receiving, may be held.
My conversation with the Correction Department’s counsel has led me to believe that a direction or suggestion that this petitioner be transferred to the Clinton Diagnostic and Treatment Center upon his resentencing, will be honored. I will make such a direction or suggestion.
*320 I repeat that I have improvised in this procedure and stand ready to again improvise in the future in the event the purpose of the sentence to be imposed is frustrated.
A copy of this opinion, the psychiatric report, and the hearing minutes, will be transmitted with the judgment of conviction to follow the defendant.