G-ordoh M. Lipetz, J.
Defendant was convicted after a jury trial of carnal abuse of a child and was sentenced on November 20, 1964 by Hon. Thomas M. Stark, then a Judge of this court, to an indeterminate term of imprisonment, the minimum to be one day and the maximum to be the duration of his natural life, pursuant to sections 483-a and 2189-a of the former Penal Law.
In June, 1968 defendant instituted a coram nobis proceeding to vacate the sentence under the rule of People v. Bailey (21 N Y 2d 588) claiming that he had not been afforded a hearing to controvert the psychiatric report prior to the imposition of sentence. A hearing was thereupon ordered and held, after which Judge Stark vacated the original sentence and on December 27, 1968, resentenced the defendant, nunc pro tunc as of November 20, 1964, to a similar indeterminate term of one day to life. The judgment rendered on resentencing was unanimously affirmed without opinion on October 15, 1969 by the Appellate Division, Second Department (33 A D 2d 656) and leave to appeal to the Court of Appeals was denied by Judge SoiLEppi on November 25, 1969.
Defendant now moves pro se for a writ of error coram nobis to be resentenced under the revised Penal Law. He contends that his resentence by this court on December 27,1968 pursuant to the former Penal Law, after the revised Penal Law had become effective (Sept. 1, 1967), was unlawful, and urges that he should have been resentenced under the revised Penal Law for the crime of sexual abuse in the first degree, the penalty for which is a maximum indeterminate term of seven years (§ 130.65).
The basis of his contention is that subdivision 3 of section 5.05 of the revised Penal Law, which provides that crimes *1024 committed prior to the effective date thereof must be construed and punished according to the law existing at the time of their commission, is unconstitutional in that it discriminates against a sex offender who committed a crime prior to September 1, 1967 but is sentenced thereafter and receives a harsher sentence than would another who commits a like crime after that date; in short, that it violates the constitutional requirement of equal protection of the law.
The defendant apparently misconstrues the meaning and effect of his 1968 resentence nunc pro tunc. The sole purpose of resentencing the defendant on December 27, 1968 was to correct the original sentence imposed on November 20, 1964 to comply with the retroactive mandate set forth in People v. Bailey (supra). Such corrective sentences are properly imposed, nunc pro tunc (People v. Baumeister, 258 App. Div. 783, affd. 283 N. Y. 625; People v. Coleman, 264 N. Y. 536; People v. Mellon, 261 App. Div. 400). “Nunc pro tunc.” is defined by Black’s Law Dictionary (Bev. 4th ed.) as “ a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e., with the same effect as if regularly done ”. Therefore, since defendant’s resentence was imposed nunc pro tunc as of November 20, 1964, its effect was to correct the original sentence as of its date of imposition to conform to the statute then in existence (former Penal Law, § 2189-a), after having held a hearing on the psychiatric report.
The issues now being raised by the defendant were apparent on the face of the record. It is well settled that errors appearing on the face of the record must be raised on appeal. (People v. Sadness, 300 N. Y. 69; People v. Gersewitz, 294 N. Y. 163; People v. Sullivan, 3 N Y 2d 196.) Since these issues could have been raised on the appeal which the defendant had previously taken from the judgment resulting from the December 27, 1968 resentence, they may not now be reviewed by a coram nobis application (People v. Contaldo, 15 A D 2d 566, affd. 11 N Y 2d 982). Coram nobis is neither a substitute for an appeal nor an avenue for a further appeal (People v. Brown, 13 N Y 2d 201, cert. den. 376 U. S. 972; People v. Shapiro, 3 N Y 2d 203).
But even if the court were to consider the defendant’s contentions on the merits, there is a compelling reason why he may not be resentenced pursuant to the revised Penal Law for the crime of sexual abuse in the first degree. There was no such crime in existence at the time he committed the underlying criminal act, nor at the time of his original sentence. His assumption that sexual abuse in the first degree (revised Penal *1025 Law, § 130.65) and carnal abuse of a child (former Penal Law, § 483-a) are the same crime is without foundation. Although sexual abuse in the first degree, as well as the other sexual abuse offenses, is derived from the carnal abuse offenses under the former Penal Law (§§ 483-a, 483-b), they are essentially different crimes. In particular, “ lack of consent”, which is an element of each degree of sexual abuse (revised Penal Law, § 130.05, subd. 1), was not an element of the carnal abuse offenses of which the defendant was convicted (former Penal Law, § 483-a; see, McKinney’s Cons. Laws of N. Y., Book 39, Practice Commentary, p. 307). The fact that sexual abuse in the first degree happens to be the most nearly equivalent crime to carnal abuse of a child is immaterial.
Aside from the foregoing, the defendant’s contentions are otherwise without merit since it is clear that his resentence under the former Penal Law was in accordance with the statute and was not in violation of the constitutional requirement of equal protection of the law (People v. Smith, 33 A D 2d 590; People v. Stevenson, 32 A D 2d 662; see, also, People v. McCraw, 27 N Y 2d 652; People v. Pepples, 27 N Y 2d 785; People v. Dozois, 26 N Y 2d 637).
The motion is in all respects denied, without a hearing.