Richard J. Shay, J.
Defendant herein was sentenced in this court, following a jury verdict of guilty of rape in the first degree, to a term of one day to life under the provisions of section 2189-a of the former Penal Law. The sentence was pronounced April 29,1970 but the crime was committed on April 25, 1966, hence the applicability of the provisions of the former Penal Law. Defendant is now in the Attica Correctional Facility. It should be noted that the judgment was affirmed by the Appellate Division, Third Department (People v. Hutchings, *16 36 A D 2d 659) and thereafter leave to appeal to the Court of Appeals was denied. The defendant now moves to set aside sentence (CPL 440.20).
Defendant contends: (1) that the sentence was unauthorized due to the failure of this court to appoint a psychiatrist to examine on behalf of the defendant at his Bailey hearing (People v. Bailey, 21 N Y 2d 588); (2) that the sentence is invalid because he is not receiving psychiatric care as contemplated under such sentences; and (3) that the sentence is invalid because he is no longer a danger to 'society.
In his “ statement in opposition ” the District Attorney raises the question of the propriety of moving under article 440 when the obvious remedy would be a habeas corpus proceeding brought in a court having jurisdiction over inmates of the Attica Correctional Facility in Wyoming County. Although, I generally agree with this position, I am of the opinion, as I have previously indicated (People ex rel. Moore v. Deegan, 65 Misc 2d 317), that the one day to life sentence provided for in the former Penal Law for various sexual offenders is a unique type of sentence and it is subject to judicial alteration, even where properly imposed, when its purposes are not fulfilled by the Department of Correctional Services.
An analogy may be drawn between the second ground stated for the relief here sought and a claim advanced by one of the relators in People ex rel. Anderson v. Warden, N. Y. City Correctional Inst. for Men (68 Misc 2d 463) which is in essence, that the purposes of the sentence are not being fulfilled. In that case the Supreme Court of Bronx County dismissed the writs, without prejudice to the filing of an article 440 motion, or in the alternative agreed to refer the writs to the sentencing court to be treated as motions. (Cf. People ex rel. Latham v. Warden, N. Y. C. Reformatory, 39 A D 2d 660; People v. Jiminez, 71 Misc 2d 867.)
Turning to the substantive issues, I find no merit in the claim that the sentence was unauthorized because of the failure to appoint a psychiatrist for the defendant. None was requested, time was allowed counsel to consider such a request and, finally .the entire process was examined upon the appeal including the sufficiency of the Bailey hearing.
Whether the defendant continues to be a danger to society is a question which must be answered by the parole authorities or by the proper court on a habeas cofpus proceeding. If, in fact, he no longer presents a danger he should be released but that determination would not affect the initial validity or con- *17 tinning efficacy of the sentence and is not one to he made by this court.
The heart of this matter lies in the contention that this defendant is not receiving requisite psychiatric care. There is no doubt but that the Legislature intended that rehabilitative treatment be concomitant with such sentences (N. Y. Legis. Doc., 1950, No. 56, p. 44). The realization that only lip service was being paid to this intention was, perhaps, a major reason that the revised Penal Law does not contain a similar provision. Our courts have been unanimous in emphasizing the need for treatment after the imposition of these sentences. (People ex rel. Smith v. La Vallee, 29 A D 2d 248; People ex rel. Kaganovitch v. Wilkins, 23 A D 2d 178.)
It is important to note specifically, that the particular sentence we here consider cannot be imposed absent a finding that the defendant represents a danger to society or that his behavior problem could be favorably affected by proper custodial “ rehabilitative treatment ” (People v. Bailey, 21 N Y 2d 588, 594, supra; People v. Jackson, 20 A D 2d 170). Such findings were made in this case following a Bailey hearing and the duty imposed on the Department of Correctional Services is clearly to implement proper rehabilitative treatment. Psychiatric treatment may be a part of this process but it need not be the only approach utilized. It is apparent that speech therapy would be an important aspect in any program for this defendant.
I cannot accept any claim that the authorities at Attica were unaware of the need to provide treatment or that the fault lies with the defendant for not requesting treatment. (Cf. People v. De Long, 64 Misc 2d 999.) I am of the opinion that if proper services are not available or not provided, for whatever reason, then there is an obligation on the part of the courts to act.
In pre-article 440 days the Appellate Division, Second Department in People ex rel. Meltsner v. Follette (32 A D 2d 389) reversed a lower court’s dismissal of a writ of habeas corpus and sustained the writ. The relator’s complaint in Meltsner was that he was sentenced to a reformatory sentence so that he might be rehabilitated and that he was not receiving rehabilitation treatment. The court, in sustaining the writ, directed the respondent Warden having custody of the relator, to afford the relator treatment consistent with his sentence or to transfer him to an institution where such treatment is available or to release him. Release, as such, is not a question presently before this court.
*18 In the instant motion there is no respondent having custody of the defendant. The District Attorney has appeared in opposition because he was served with notice of the motion in accordr once with GPL 440.30. As the factual allegation that adequate psychiatric treatment is not being received cannot be determined on the papers before this court and because there is no practical way in which the District Attorney of this county could 11 conclusively refute the fact allegation by unquestionable documentary proof ’ ’, it appears the Attorney-General should assume this burden for the People.
On the question of representation, subdivision 1 of GPL 440.30 outlines the procedure to be used in such motions and requires ‘ ‘ reasonable notice to the people ’ ’. The ‘ ‘ people ’ ’ then may answer and submit documentary evidence relating to the .subject matter of the motion. On the other hand, CPLR 7009 outlines that notice of a hearing on a writ of habeas corpus must be given to the District Attorney of the county of detention and the District Attorney of the committing county, but the writ is directed to the person having custody. (CPLR 7004.) In practice, the Attorney-General’s office appears on behalf of the respondent in most habeas corpus proceedings where the relator is in the custody of the Department of Correctional Services. (Executive Law, § 63.)
I find that the District Attorney of this county could not be expected to answer and submit documentary evidence sufficient to allow this court to make a determination as to the necessity for a hearing. I will, therefore, direct that copies of all the papers utilized on this motion together with a copy of this decision be forwarded, by the Cortland County District Attorney, to the appropriate office of the Attorney-General. I will allow the Attorney-General 30 days from the date of this decision to file an answer on behalf of the ‘ ‘ people ’ ’ and to submit documentary evidence or information addressed to the contention that this inmate is not receiving the treatment contemplated by the one day to life sentence and/or to advise this court precisely what steps are being taken to remedy this deficiency if it, in fact, exists.
In the event that no satisfactory answer and/or documentation is provided as heretofore outlined, I will grant the motion to set aside the sentence imposed on April 29,1970, and direct that the defendant be returned to this county for resentence.