Richard J. Shay, J.
On May 21, 1973,1 rendered an interim decision (People v. Hutchings, 74 Misc 2d 15) in this motion to set aside a one-day-to-life sentence (former Penal Law, § 2189-a) pronounced in this court on April 29, 1970. Because it was obvious the District Attorney of Cortland County was not in a position to answer the defendant’s allegations that he was not receiving rehabilitative treatment required under such a sentence, I directed the Attorney-General to assume this burden and refute, if possible, this. claim.
CPL article 440 provides for the denial of such a motion, without a hearing, where an allegation of fact essential to support the motion (I deem lack of treatment to be such an essential allegation) is conclusively refuted by unquestionable documentary proof. (CPL 440.30.)
In my opinion there has been an abject failure to provide a satisfactory answer'.
The history of the treatment, or lack thereof, of this defendant is a sad story. It is apparent that there is a total disdain on the part of the Department of Correctional Services for the welfare of this man and an unbelievably subservient attitude on the part of the Attorney-General when confronted with the illogical and self-serving explanations by the department as to why the purpose of this court’s sentence is not being fulfilled.
*915 This defendant, convicted of the rape of a three-year-old girl, could have received a sentence with a maximum term of 20 years. The one-day-to-life sentence was chosen instead because it was apparent he needed treatment and not merely incarceration. There is no doubt but that this was the legislative intent (i.e., treatment) and it has been so interpreted by numerous courts over the years. (N. Y. Legis. Doc., 1950, No. 56, p. 44; People ex rel. Smith v. La Vallee, 29 A D 2d 248; People v. Jackson, 20 A D 2d 170; see, also, citations in People v. Hutchings, supra.)
From the moment of his reception at the Attica facility in April of 1970, accompanied by reams of psychological and psychiatric background material, the Department of Correctional Services was under a duty to attempt proper rehabilitative procedures. There has been a complete failure to meet this obligation and a complete indifference to its consequences. The fact of this omission was brought to my attention in early 1972 and I communicated directly with the then Commissioner of the department, Bussell G. Oswald, who responded with assurances that immediate steps were being taken to effect the defendant’s transfer to a treatment center. The Commissioner’s promise was not kept and I am now informed that it is departmental policy not to transfer an inmate who has a writ pending. Mr. Hutchings did have a writ pending and still does, but the rationale behind the refusal to transfer a man in need of treatment to a treatment center, simply because he has exercised his legal right to seek redress from a court of law, escapes me.
Among the meager and virtually illegible documentation provided by the Attorney-General in response to my direction are at least two evaluations, made in April and September of 1972, by Dr. W. W. Beynolds, Supervising Psychiatrist at Attica, which recommended transfer for the purpose of providing speech therapy. These suggestions coincide with those made by the psychiatrists who examined Mr. Hutchings preparatory to his Bailey (People v. Bailey, 21 N Y 2d 588) hearing in 1970 and with psychiatric testimony received at two coram nobis hearings held July 26 and September 3, 1971. There was apparently, therefore, complete agreement as to the rehabilitative approach to be taken on the part of everyone except those with the authority to cause such treatment to begin.
Now, in the summer of 1973, in an unsworn, unaffirmed document purporting to be the answer of the Attorney-General *916 to the allegations of the petition, I am advised that the Department of Correctional Services is “taking the necessary steps to provide appropriate treatment for Mr. Hutchings at the Attica Correctional Facility ”, This so-called answer consisting of only two substantive paragraphs, advises that these “necessary steps” are to include an evaluation to see if Mr. Hutchings needs speech therapy and “assuming” he does, arrangements (not detailed) will be made to bring in outside consultants to provide this service.
I am frankly appalled at this entire charade. I am aware of the defenses which will be advanced detailing the lack of funds, personnel and facilities, but the fact is we deal here with a human being who, for the better part of his life, has been the victim of these same excuses. As long as indifference and dereliction of duty of this type are allowed to continue we all can be added to the list of victims in one context or another.
In my own mind there is no doubt but that the interests of all concerned would be better served if the one-day-to-life sentence were to remain viable and its purposes effected. I am now convinced, however, that the Department of Correctional Services has no intention of fulfilling its obligations in this regard. I do not find the Attorney-General has submitted a valid denial of the sworn allegations of fact contained in defendant’s petition and, therefore, I deem the pertinent allegation to be either conceded or supported by the material heretofore submitted. In accordance, therefore, with subdivision 3 of CPL 440.30, I will grant the motion, without a hearing, and set aside the sentence previously imposed.
Counsel for the defendant is directed to prepare an appropriate order and the defendant is to be returned to this court to be resentenced according to law.