**UNITED STATES of America ex rel. Larry David HAYDEN, Petitioner-Appellant,**

v.

**John R. ZELKER, Warden of Green Haven State Correctional Facility, Stormville, New York, Respondent-Appellee.**

**No. 146, Docket 74–1485.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1974.

Decided Nov. 14, 1974.

Michael H. Rauch, New York City (Melvin Weinberg; Fried, Frank, Harris, Shriver & Jacobson, New York City, on the brief), for petitioner-appellant.

Margery Evans Reifler, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty.

Gen.; Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before DANAHER,* FEINBERG and MULLIGAN, Circuit Judges.

FEINBERG, Circuit Judge:

Larry David Hayden appeals from denial of his application for a writ of habeas corpus by Judge Mark A. Costantino of the United States District Court for the Eastern District of New York. Hayden's application in the district court alleged that a sentence imposed upon him by a state court denied him the equal protection of the laws. We affirm the judgment of the district court.

Hayden was convicted in 1964 by a jury in Suffolk County of carnal abuse of a child. In lieu of the maximum prison term of ten years then otherwise applicable, the state judge sentenced Hayden as a sex offender to an indeterminate term of one day to life.[1] In 1968, petitioner was resentenced *nunc pro tunc* to the same term after his earlier sentence had been vacated in a coram nobis proceeding following People v. Bailey, 21 N.Y.2d 588, 289 N.Y.S.2d 943, 237 N.E.2d 205 (1968), which declared the old sentencing procedure unconstitutional.[2] A second coram nobis petition in the state courts presented essentially the same equal protection claim pressed here.[3]

In 1967, before Hayden was resentenced, New York revised its penal law, eliminating the one-day-to-life sentencing option and reducing the maximum sentence for the crime analogous to carnal abuse from ten to seven years. N.Y. Penal Law §§ 70.00(2)(c), 130.65 (McKinney 1967). Hayden claims this shows that the legislature "rejected" "whatever policy reasons may once have been thought to justify imposing indefinite criminal sentences upon a certain class of people. . . ."[4] With the justification for indeterminate life sentences gone, Hayden argues that continuing to apply the sentencing scheme to him "solely because of the time when he committed his crime"[5] is unconstitutional, since it allows incarceration for many years after expiration of the maximum prison term possible under the new law.[6]

This result, however, is what the New York legislature intended. The 1967 Penal Law contains a savings clause, clearly applicable here, which provides that:

[A]ny offense committed prior to [September 1, 1967] . . . must be . . . punished according to the provisions of law existing at the time of the commission thereof in the same manner as if [the new law] had not been enacted.

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. N.Y.Penal Law of 1909, McKinney's Consol.Laws, c. 40, § 483–a (McKinney Supp. 1966), Laws of 1950, ch. 525, § 11 (defining crime, setting definite 10-year sentence and alternative indefinite life term); N.Y.Penal Law of 1909 § 2189–a (McKinney Supp. 1966), Laws of 1951, ch. 166 (prescribing procedure for imposing indefinite life term).

2. People v. Bailey applied Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), to the New York sex offender sentencing procedure and required an evidentiary hearing on whether the defendant "is a danger to society or is capable of being benefited by special treatment" before imposition of a one-day-to-life sentence. Appel-

lant's resentencing was affirmed without opinion, People v. Hayden, 306 N.Y.S.2d 402 (2d Dep't 1969), leave to appeal denied.

3. See People v. Hayden, 68 Misc.2d 1022, 328 N.Y.S.2d 988 (Suffolk Co.Ct.1972), leave to appeal denied.

4. Appellant's brief at 8.

5. Id. at 9.

6. The Attorney General's office informed the court by letter that the Department of Correctional Services reports there are 32 persons still imprisoned under indeterminate life sentences and 58 others on parole, who presumably had served time under such sentences. In 1968, 155 persons were incarcerated under the sex offender statute. See People v. Bailey, supra, 21 N.Y.2d at 597 n. *, 289 N.Y.S.2d at 949, 237 N.E.2d at 209.

N.Y.Penal Law § 5.05(3) (McKinney 1967). See United States ex rel. Cooper v. Zelker, 339 F.Supp. 410, 413 (S.D.N.Y.1972); People v. Smith, 33 A.D.2d 590, 304 N.Y.S.2d 308, 310 (3d Dep't 1969). As appellant suggests, this statute does discriminate between persons committing similar offenses before and after September 1, 1967. But such discrimination is not unconstitutional. Warden v. Marrero, 417 U.S. 653, 94 S. Ct. 2532, 41 L.Ed.2d 383, 393 (1974); United States v. Fiore, 467 F.2d 86, 88 (2d Cir. 1972), cert. denied, 410 U.S. 984, 93 S.Ct. 1510, 36 L.Ed.2d 181 (1973), and authorities cited therein. The only cases which arguably support Hayden's position appear to have been effectively overruled by *Marrero*.[7]

▇ In an effort to bolster his equal protection claim, Hayden cites recent Supreme Court decisions that strictly scrutinized procedural requirements for compulsory commitments, growing out of involvement in crimes, that might last indefinitely. See Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972); Humphrey v. Cady, 405 U. S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972); Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966). But in relying on these cases, Hayden is pressing a different equal protection argument, quite independent of his claim based upon the 1967 change in New York law. Under this second theory, Hayden compares himself not to persons who committed the same offense after 1967, but rather to persons involuntarily committed to mental institutions in civil proceedings. In Humphrey

v. Cady, *supra,* the Court characterized as "substantial" petitioner's claim that a state which granted a jury trial to persons civilly committed was required to afford the same protection to a convict recommitted under a sex offender provision after the initial maximum term for the underlying offense expired. A person civilly committed in New York has the right to a jury trial on the question of his competency. N.Y.Mental Hygiene Law § 31.35 (McKinney's Consol. Laws, c. 27, Supp.1974). But Hayden is denied this right, since decisions on whether to release him or to continue his incarceration are made by the parole board. In addition, proceedings before the board may lack procedural protections afforded in a court, and factors other than appellant's sanity and potential danger to the community may be controlling in reaching what might be characterized as a recommitment decision. Cf. Jackson v. Indiana, *supra,* 406 U.S. at 729–730, 92 S.Ct. 1845.[8]

Thus, the second equal protection theory may raise substantial constitutional problems. We do not deal with these issues on the merits, however, because Hayden's petitions in the state courts and in the district court raised only the time-based equal protection claim. Since state remedies have not been exhausted on any other claims, we cannot now pass upon them. 28 U.S.C. § 2254(b), (c).

The judgment of the district court is affirmed. We commend appointed counsel for dedicated representation of appellant.

---

7. See, e. g., Alvarado v. McLaughlin, 486 F. 2d 541 (4th Cir. 1973), vacated and remanded for further consideration in light of Warden v. Marrero, supra, sub nom. McLaughlin v. Prieto, 418 U.S. 903, 94 S.Ct. 3192, 41 L. Ed.2d 1151 (1974).

8. We note also that § 2189–a of the Penal Law of 1909 requires "a thorough psychiatric examination once every two years," People v.

Bailey, supra, 21 N.Y.2d at 597, 289 N.Y.S. 2d at 949, 237 N.E.2d at 209. And appellant might be entitled to treatment if he is dangerous but can be cured or to release if he is no longer a danger to society. Cf. People v. Jackson, 20 A.D.2d 170, 245 N.Y.S.2d 534 (3d Dep't 1963) (Bergan, J.). See also People v. Hutchings, 74 Misc.2d 15, 16, 343 N.Y.S.2d 845, 847, 74 Misc.2d 914, 347 N.Y. S.2d 268 (Cortland Co.Ct.1973).