Thomas CAMERA, Petitioner,

v.

Roy BOMBARD, Superintendent,
Greenhaven Correctional
Facility, Respondent.

No. 76 CIV. 3766.

United States District Court,
S. D. New York.

June 27, 1978.

Martin Erdmann, The Legal Aid Society by Paul Casteleiro, Donald H. Zeigler, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., State of New York by Leonard Pugatch, Deputy Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

This is a petition for a writ of habeas corpus on the ground of ineffective assistance of counsel. Petitioner claims that there was a conflict of interest among the three co-defendants and that their joint representation by a single attorney violated his Sixth Amendment rights.

On August 24, 1977 this court issued an opinion setting forth the relevant facts. The court there found that petitioner failed to specifically allege the nature of the conflict, as required by this Circuit in *United States v. Carrigan*, 543 F.2d 1053, 1055 (2d Cir. 1976). In light of the fact that petitioner was then proceeding pro se, this court decided to dismiss the petition unless petitioner submitted a supplemental affidavit within thirty days "detailing the specific facts upon which he bases his allegation that he was prejudiced by joint representation." (1977 Opinion, p. 9)

After that decision, petitioner secured representation by the Legal Aid Society. Further briefs and affidavits were submitted by all parties. Petitioner's new submissions have changed the complexion of this habeas case, since they contain important new allegations in support of the peti-

tion. This raises the question whether petitioner has properly exhausted his state remedies under 28 U.S.C. § 2254(b). The court holds that petitioner's state remedies have not been exhausted and that this petition should be dismissed.

The Second Circuit has formulated the standard to be applied in a situation where new facts have been first presented to the federal court by a state habeas petitioner:

> When a state prisoner presents a *materially different claim and stronger evidentiary case* before the federal court in a habeas corpus petition, and a state forum is available to consider the additional factors and varied claim, the federal court should properly dismiss the petition before it.

*United States ex rel. Figueroa v. McMann*, 411 F.2d 915, 916 (2d Cir. 1969) (emphasis added). Petitioner has clearly presented a "stronger evidentiary" case in this court. The question is whether he has presented a "materially different claim." In consideration of that question, we now turn to the claims presented to the state and federal courts.

### FACTS

Petitioner moved in the state court to vacate his sentence under N.Y.C.P.L. § 440.-10 approximately two years after his conviction. In his application to the state judge who had presided at his trial, petitioner claimed that his Sixth Amendment right to effective counsel was denied because of the three co-defendants' joint representation by a single attorney. Petitioner there alleged that he was unaware that he was entitled to separate counsel; that his counsel was inordinately concerned with the defense of petitioner's co-defendant, Nicola Rinaldi; that separate counsel would have pressed certain "inconsistencies" in the testimony of the prosecution witnesses to the advantage of petitioner. Petitioner recognized that he had to demonstrate that there was a conflict of interest and requested a hearing to explore the questions he had raised.

The trial judge dismissed this claim in a single paragraph of his opinion of May 1, 1974:

> Defendant's first contention that he was never warned of the serious constitutional questions involved in having one attorney represent him and the other two co-defendants at the trial, has no basis in fact. This Court, on more than one occasion, both before and during the trial advised all the defendants that each was entitled to have separate counsel. Each defendant, including the herein defendant, indicated that he was satisfied with the attorney who was representing them jointly.

Petitioner then filed a petition for a writ of habeas corpus in this court. He presented the same issue here as in the state court: Were petitioner's Sixth Amendment rights violated when the trial court failed to advise him of a possible conflict of interest among the co-defendants and where the record clearly demonstrates the possibilities of this conflict of interest?

In its opinion of August 24, 1977 this court held that the trial judge was mistaken. The record did *not* disclose any inquiry by the trial judge into the possible conflict of interest or a suggestion that the defendant might consider retaining alternate counsel. Despite this fact, this court also held that the petition would be dismissed because of petitioner's failure to allege any conflict with specificity; joint representation alone is not a constitutional deprivation of counsel. *United States v. Carrigan*, 543 F.2d 1053, 1055 (2d Cir. 1976). Since petitioner was proceeding pro se, this court gave him thirty days to present these specifics now that petitioner had the guidance of this court's opinion.

Petitioner then secured counsel. Subsequent papers filed by petitioner alleged for the first time that: First, petitioner, himself, had been held captive by his co-defendant Rinaldi *before* committing the crime for which he has been convicted—kidnapping. Petitioner alleges that he committed the acts for which he was convicted under duress, an affirmative defense to the charge

of kidnapping. Second, counsel for the defendants conferred alone with Rinaldi on two occasions but never conferred separately with either petitioner or the third co-defendant. Third, petitioner wished to take the stand in his own defense but counsel refused to allow him to do so. Petitioner also points to portions of the record which, when viewed in light of the above three allegations, lend credence to his claim of conflict of interest and inadequate representation of counsel.

The state judge was never aware of the above facts. We have a situation where a pro se petitioner never presented the above facts to the state court, although they were known to petitioner at that time. Here, the state court, relying on its incorrect recollection that it had inquired into the possibility of a conflict of interest, failed to inquire *further* into petitioner's specific allegations in support of his motion to vacate sentence and, instead, denied that motion.

## DISCUSSION

Habeas petitions have been dismissed for failure to exhaust state remedies where the same constitutional claim was raised, but the theory or factual basis of that claim was different in the federal court. *Figueroa, supra* ("mental incompetence" alleged first in federal court to support claim of involuntary guilty plea); *United States ex rel. Boodie v. Herold*, 349 F.2d 372 (2d Cir. 1965) (record of arraignment first presented to federal appeals court); *James v. Copinger*, 428 F.2d 235 (4th Cir. 1970), *cert. denied sub nom., Callahan v. Slayton*, 404 U.S. 959, 92 S.Ct. 318, 30 L.Ed.2d 276 (1971) (new theory in support of claim that right to appeal was denied first presented to federal court); *Gurule v. Turner*, 461 F.2d 1083 (10th Cir. 1972) (facts in support of involuntary guilty plea first presented to federal appeals court). Cases which have found exhaustion involved situations where the state court was presented with essentially the same facts as the federal court. *United States ex rel. Galloway v. Fogg*, 403 F.Supp. 248, 251–52 (S.D.N.Y.1975).

The rationale of the exhaustion requirement was explained by the Supreme Court in *Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443.(1973):

The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.' It cannot be used as a blunderbuss to shatter the attempt at litigation of constitutional claims without regard to the purposes that underlie the doctrine and that called it into existence. As applied in our earlier decisions, the doctrine 'preserves the role of the state courts in the application and enforcement of federal law [and] preserves orderly administration of state judicial business . . .' (citations omitted).

It appears to this court that it has discretion to entertain this writ. "The question to be decided is whether the circumstances of this case are such as to invoke the application of" "considerations of comity and concerns for the orderly administration of criminal justice [which would] require a federal court to forego the exercise of its habeas corpus power." *Francis v. Henderson*, 425 U.S. 536, 539, 96 S.Ct. 1708, 1710, 48 L.Ed.2d 149 (1976).

This court holds that petitioner's claims in the federal court are "materially different" from those before the state court. As previously noted, the habeas petition would have been dismissed based on its original allegations. The new facts raised in the supplemental affidavit of petitioner appear sufficient to warrant an evidentiary hearing. The state court has not had the opportunity to consider the import of these new allegations. Petitioner has failed to exhaust his state remedies since the state court has not effectively had "an initial 'opportunity to pass upon and correct' alleged violations of [petitioner's] federal rights. *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 . . . (1963)."

*Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971).

The petition for a writ of habeas corpus is, therefore, dismissed for failure to exhaust state remedies.

SO ORDERED.